J-S15027-20

2020 PA Super 151

| HAROLD E. CARR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD K. MICHUCK | : | No. 1562 WDA 2019 |

Appeal from the Order Dated September 19, 2019
In the Court of Common Pleas of Elk County Civil Division at No(s):  No.
2013-591

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.*

OPINION BY OLSON, J.:                              FILED JUNE 26, 2020

Appellant, Harold E. Carr, appeals from the September 19, 2019 order

denying his motion for leave to file a post-trial motion nunc pro tunc.  We

vacate the September 19, 2019 order, as well as the May 18, 2020 entry of

judgment on the non-jury verdict, and remand the case with instructions.

This panel previously summarized the factual and procedural history as

follows:

> The record reveals that on July 5, 2013, Appellant filed a complaint
> in ejectment against Richard K. Michuck ("Michuck") seeking title
> to a triangular portion of land and use of a 10-foot right-of-way.
> The trial court summarized the factual history of this case as
> follows:
>
> > [Appellant] and [Michuck] own adjoining parcels of land on
> > the north side of [South] Michael [Road] in the city of St.
> > Marys, Elk County, Pennsylvania.  At issue is the common
> > boundary on the easterly margin of [Appellant's] parcel and
> > the westerly margin of [Michuck's] parcel.   [Appellant]

_____

* Former Justice specially assigned to the Superior Court.

claims ownership [of] a triangular parcel of land along the aforesaid boundary by virtue of what [Appellant] alleges to be an erroneous call of 36° rather than 38° [in the boundary description]. [Appellant] claims that his correct boundary description is set forth in a "recent survey by Curry & Associates", and sets forth the survey description at paragraph 5 of the complaint. [Appellant] alleges in paragraph 6 [of the complaint,] "The erroneous calls of 'North 36° East' and 'South 36° West' in [Appellant's] deed [] resulted in an overlap of [Appellant's] eastern boundary and [Michuck's] western boundary[.]

Trial Court Opinion, 10/6/15, at unnumbered pages 1-2. For ease of understanding, a depiction of the property in question is reproduced infra.



An amended complaint was filed [on] January 23, 2014, to which Michuck filed preliminary objections in the nature of demurrers. Appellant subsequently filed a second amended complaint. Michuck filed preliminary objections in the nature of demurrers to Appellant's second amended complaint. On October 6, 2015, the trial court overruled Michuck's preliminary objections and directed Michuck to file an answer to Appellant's second amended complaint within 20 days. A non-jury trial was held on February 15, 2017.

On July 15, 2019, the trial court entered a verdict in favor of Michuck and dismissed Appellant's second amended complaint with prejudice. Appellant did not file a post-trial motion and neither party filed a praecipe for entry of judgment. On August 14, 2019, Appellant appealed the July 15, 2019 verdict.

Appellant's notice of appeal was docketed with this Court at 1251 WDA 2019. In an August 23, 2019 per curiam order, this Court determined that Appellant waived all issues on appeal because he failed to file a post-trial motion.[1] Consequently, this Court dismissed Appellant's appeal sua sponte without prejudice to seek permission from the trial court to file a post-trial motion nunc pro tunc.

On August 28, 2019, Appellant filed a motion for leave to file a post-trial motion nunc pro tunc. On September 19, 2019, the trial court denied Appellant's motion to file a post-trial motion nunc pro tunc. [On October 17, 2019,] Appellant appealed the September 19, 2019 order.

Carr v. Michuck, 2020 WL 1867356, at *1 (Pa. Super. Filed April 14, 2020) (unpublished memorandum). We quashed Appellant's October 17, 2019 appeal on the grounds this Court lacked jurisdiction because the judgment on the non-jury verdict was never entered on the trial court docket. Id. at *2.

_____

[1] We acknowledge that the August 23, 2019 per curiam order was entered in error as this Court did not have jurisdiction over the matter due to Appellant's failure to praecipe for entry of judgment on the non-jury verdict prior to filing his notice of appeal.

Appellant filed a praecipe to enter judgment, and the judgment on the non-jury verdict was docketed on May 18, 2020. Appellant subsequently filed an application with this Court to reinstate the October 17, 2019 appeal. In a per curiam order, this Court reinstated the appeal at docket number 1562 WDA 2019.[2] Per Curiam Order, 5/26/20.

Appellant raises the following issue for our review:

Did the trial court abuse its discretion and commit an error of law when it denied Appellant's motion for leave to file [a] post-trial motion nunc pro tunc and simultaneously granted [Michuck's] motion to strike:

   (a) without holding any hearing or argument despite the request of both parties that [the trial court] do so;

   (b) without providing an opportunity for Appellant to respond in any way to [Michuck's] motion to strike;

   (c) without resolving factual disputes as to when the order of July 15, 2019, was actually received by Appellant's then counsel of record;

   (d) despite the fact that counsel has at all times moved expeditiously and without delay to bring claimed errors to the trial court's attention;

   (e) despite the fact that the [trial c]ourt's July 15, 2019[] opinion fails to clearly settle the respective and continuing property rights of either party and may well impact the property rights of others; and

   (f) for the reasons set forth in paragraphs 9, 10, 12, 13, 14 and 16 of Appellant's motion for leave to file [a] post-trial motion nunc pro tunc[?]

Appellant's Brief at 4 (extraneous capitalization omitted).

_____

[2] Appellant and the trial court previously complied with Pa.R.A.P. 1925.

In sum, Appellant claims the trial court erred in denying his motion for leave to file a post-trial motion nunc pro tunc, for which our standard of review and scope of review are well-settled. "We review the trial court's denial of Appellant's motion for leave to file post-trial motions nunc pro tunc under an abuse of discretion standard." D.L. Forrey & Assocs., Inc. v. Fuel City Truck Stop, Inc., 71 A.3d 915, 918 (Pa. Super. 2013), citing Lenhart v. Cigna Cos., Inc., 924 A.2d 1193, 1195 (Pa. Super. 2003). The trial court is vested with broad discretion to permit a post-trial motion nunc pro tunc, and this "Court has consistently refused to entertain appeals from orders or verdicts following non[-]jury trials in actions at law when no post-trial motions have been filed." Lenhart, 924 A.2d at 1195-1196 (citations omitted). The trial court may grant nunc pro tunc relief: (1) where the appellant demonstrates that a late filing was the result of non-negligent circumstances, that the request for nunc pro tunc relief was made shortly after the relevant deadline passed, and that relief would not prejudice the other party; (2) where a breakdown in court operations occurred; or (3) where fraud has been established. Vietri ex rel. Vietri v. Delaware High Sch., 63 A.3d 1281, 1284 (Pa. Super. 2013); see also Lenhart, 924 A.2d at 1196 (explaining that the failure to file a post-trial motion must not stem from counsel's negligence or from a failure to anticipate foreseeable circumstances).[3]

_____

[3] This Court often looks to cases involving the denial of a motion to file a notice of appeal nunc pro tunc to determine what constitutes an abuse of trial court

Here, Appellant contends his trial counsel notified him, in a letter, that the trial court rendered a verdict on July 15, 2019, more than two years after the conclusion of the non-jury trial, and that trial counsel's notification letter was dated July 22, 2019, only three days before the deadline for filing a post-trial motion.[4]  Appellant's Brief at 14.  Appellant avers that in the notification letter, trial counsel further informed Appellant that he was unable to represent Appellant in a subsequent appeal.  Id.  Appellant asserts that he first approached appellate counsel "no earlier than August 6, 2019, long after the [Pa.R.Civ.P. 227.1(c)(2)] deadline expired."  Id. (emphasis in original). Appellant contends that appellate counsel needed appropriate time, inter alia, to order the transcripts and review the record to determine if a post-trial motion was appropriate.  Id. at 16-17.  Appellant claims that the trial court, in denying his motion for leave to file a post-trial motion nunc pro tunc, failed to find that non-negligent circumstances led to the late filing of a motion for leave to file a post-trial motion nunc pro tunc, the motion for leave to file a post-trial motion nunc pro tunc was filed in a diligent and timely fashion under the unique procedural circumstances of the case, and the filing of a post-trial motion nunc pro tunc would not prejudice Michuck.  Id. at 11-20.

_____

discretion in the context of denying a motion for leave to file a post-trial motion nunc pro tunc.  Lenhart, 924 A.2d at 1196 n.3.

[4] Pennsylvania Rule of Civil Procedure 227.1(c)(2) requires a post-trial motion to be filed within ten days after the decision in a non-jury trial.  See Pa.R.Civ.P. 227(c)(2).

In denying Appellant's motion for leave to file a post-trial motion nunc pro tunc, the trial court explained,

[Appellant's] trial [counsel] was still counsel of record long after the verdict was entered but did not file post-trial motions on his client's behalf. He was certainly in a position to do so. Whether or not he only received his physical copy of the [trial c]ourt's [verdict] on July 22, 2019, he was, as [Michuck] argued, intimately familiar with the case and well able to file post-trial motions - even if only [in a preliminary format subject to later amendment.] He simply chose not to.

According to his motion, [Appellant] then engaged [appellate counsel] "for the purpose of an appeal." At that point, eight days remained before his appeal period expired, which was more than enough time to request leave from [the trial court] to file post-trial motions nunc pro tunc and then file a direct appeal if the [trial court] either denied the motion or failed to respond.[5] Counsel waited until August 13, 2019, to enter his appearance, though, which left him only [two] days to file a notice of appeal. That, once again, was not a breakdown in the [trial] court's operations; it was an attorney not acting in a timely fashion prescribed to preserve [Appellant's] appellate rights by following the procedures prescribed by Rule 227.1.

[Appellant] had nearly four years from the date he filed his complaint until the matter went to trial - four years to marshal the evidence he needed to sustain his claim. When it came time to prove it, though, the evidence he adduced was insufficient. That was the [trial court's] conclusion, which it reached after affording [Appellant] a full and fair opportunity to present his case, which is to say that he was not subject to a summary dismissal or

---

[5] A party seeking to file a notice of appeal must first file a praecipe to enter judgment on the non-jury verdict and the judgment must be entered on the docket with appropriate notice of the same by the prothonotary to the parties. It is only after entry of judgment and notice of the same to the parties that this Court has jurisdiction to review the merits of an appeal. See Johnston the Florist, Inc. v. TEDCO Constr. Corp., 657 A.2d 511, 514 (Pa. Super. 1995) (en banc) (stating, entry of judgment is a prerequisite to the exercise of this Court's jurisdiction).

otherwise put out of court before he had the chance to take full advantage of the adversarial process in this matter.

[T]he [trial c]ourt's verdict left intact the property scheme that had long been established and had apparently proven unproblematic until [Appellant] decided in 2013 that he was going to try to get a little bit more. The problem for [Appellant], therefore[,] is not that the [trial c]ourt left the affected property owners' rights in limbo; it is that the [trial c]ourt did not give [Appellant] what he wanted. [D]issatisfaction with a standing verdict is not the sort of "extra hardship" the appellate courts envision when evaluating a trial court's decision [to deny the] motion for leave to file post-trial motions nunc pro tunc.

Trial Court Opinion, 12/18/19, at 1-2.

Upon review of the record, we concur with the trial court that trial counsel had ample time to file a post-trial motion and failed to file the same, if only to satisfy the 10-day deadline of Rule 227.1(c)(2) and allow Appellant to retain new counsel, who could subsequently amend the post-trial motion upon review of the record, if necessary.[6] Moreover, upon learning of the trial court's verdict and trial counsel's decision to discontinue further representation, allegedly on July 22, 2019, Appellant waited until August 6, 2019, before approaching new counsel. Appellate counsel then delayed

_____

[6] Although Appellant alleges that trial counsel only notified him on July 22, 2019, of the trial court's verdict and of trial counsel's decision not to represent Appellant in a subsequent appeal, Appellant's allegations are unsupported by evidence in the certified record. Furthermore, Appellant failed to demonstrate that he notified trial counsel that he wished to challenge the trial court's verdict so trial counsel could file a timely post-trial motion in order to preserve any issue Appellant wished to raise.

entering his appearance of record until August 13, 2019.[7]  Rather than immediately filing a motion for leave to file a post-trial motion nunc pro tunc, which could have been amended, if necessary, upon receipt of transcripts and a review of the record, appellate counsel choose instead to file a notice of appeal, without first filing a praecipe for entry of a final and appealable judgment.  See Reuter v. Citizens & Northern Bank, 599 A.2d 673, 676 (Pa. Super. 1991) (stating, a "verdict in a non-jury trial is not appealable until the entry of judgment on the verdict").

Evidence of an unforeseeable or unavoidable event that precludes counsel from acting, such as counsel's incapacity or a judicial emergency suspending court operations, is required to show that an untimely post-trial motion resulted from non-negligent circumstances.  See Fischer v. UPMC Northwest, 34 A.3d 115, 120 n.2 (Pa. Super. 2011) (stating, nunc pro tunc relief in non-negligent circumstances "is meant to apply only in unique and compelling cases in which the appellant [] clearly established that [he or] she attempted to file [a pleading], but unforeseeable and unavoidable events precluded [him or] her from actually doing so" (citation omitted)); see also Cook v. Unemployment Compensation Bd. of Review, 671 A.2d 1130,

_____

[7] Appellate counsel asserts that the delay in entering his appearance of record was necessary, inter alia, to determine if a conflict of interest existed that prevented representation.  Appellant's Brief at 16.  A review of an August 2019 calendar reveals that four business days elapsed between August 6, 2019, when Appellant first approached appellate counsel about representation, and August 13, 2019, when appellate counsel entered his appearance of record, in which to perform a conflicts check.

1132 (Pa. 1996) (finding a non-negligent circumstance when the attorney was unable to file a timely notice of appeal after being hospitalized and unable to perfect the appeal from his hospital bed); Bass v. Commonwealth, 401 A.2d 1133 (Pa. 1979) (finding a non-negligent circumstance when the attorney drafted a notice of appeal six days prior to expiration of time allowed for filing the same, and counsel's secretary, unaware the notice of appeal was placed on her desk for filing, became ill, left work, and did not return to work until after the deadline for filing the notice of appeal passed); but cf. Criss v. Wise, 781 A.2d 1156, 1160 (Pa. 2001) (holding that a delay in mail delivery does not amount to a non-negligent circumstance because "delays in the U.S. mail are both foreseeable and avoidable" even during holiday seasons when the U.S. Postal Service may deliver later than usual). In the absence of evidence of an unforeseeable or unavoidable event, Appellant failed to demonstrate that counsel's actions and the procedural posture of the instant case involved non-negligent circumstances.

Nonetheless, upon a review of the record, we are compelled to find the prothonotary failed to comply with the notice requirements of Pennsylvania Rule of Civil Procedure 236, and therefore, the 10-day period in which to file a post-trial motion has not yet begun to run.

Rule 236 states, in pertinent part, as follows:

> Rule 236. Notice by Prothonotary of Entry of Order or Judgment
>
> (a) The prothonotary shall immediately give written notice of the entry of

. . .

(2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.

(b) The prothonotary shall note in the docket the giving of the notice[.]

Pa.R.Civ.P. 236(a)(2) and (b) (emphasis added).

Our Supreme Court, in Frazier v. City of Philadelphia, 735 A.2d 113 (Pa. 1999), held (in the context of a notice of appeal) that "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given." Frazier, 735 A.2d at 115 (citation omitted). The parties' receipts of notice of the order do not alter the formal date of the order's entry on the docket and the associated commencement of the period allowed for appeal for purposes of the rules. Id. The Frazier Court's holding is a bright-line rule that is to be interpreted strictly. In re L.M., 923 A.2d 505, 509 (Pa. Super. 2007).

In Fischer, supra, this Court, in applying the Frazier bright-line rule, held, "it is the prothonotary's duty to give written notice of entry of the order denying [] post-trial motions to [the appellant's] counsel and to note on the docket that notice was given." Fischer, 34 A.3d at 121 (emphasis added). The Fischer Court further held that the "failure of the [p]rothonotary to give notice of the order [denying the post-trial motion] constituted a breakdown in court operations[.]" Id. Moreover, local practice cannot excuse the prothonotary's non-compliance with the notification mandate and procedural

requirement set forth in Rule 236. Id. The prothonotary must specifically note on the docket the date that Rule 236 notice was given to the appropriate parties. Id. This procedural requirement serves "to promote clarity, certainty and ease of determination, so that an appellate court will immediately know whether [a pleading] was [filed] in a timely manner, thus eliminating the need for a case-by-case factual determination." Frazier, 735 A.2d at 115 (citation omitted).

Here, a review of the trial court docket reveals that the non-jury verdict was entered on the docket on July 15, 2019, but the prothonotary failed to note that Rule 236 notice was provided to Appellant and Michuck. The docket entries pertaining to the non-jury verdict are as follows:

| 07/15/2019 | Opinion and findings dated 7/10/19. (7/15/19 PJM JHD) |
|---|---|
| 07/15/2019 | Order of court dated 7/10/19, It is hereby ordered that [Appellant] has failed to meet his burden of proof and his complaint is dismissed with prejudice. (7/15/19 PJM JHD) |

Trial Court Docket, 12/18/19, at unnumbered page 3 (extraneous capitalization omitted).

Conspicuously absent from the two docket entries supra is a notation on the docket that Rule 236 notice of the trial court's non-jury verdict was provided to Appellant or Michuck. Although the notation "(7/15/19 PJM JHD)" on both entries may indicate that notice was provided, local practices, such as this, in which a date and initials are listed, do not satisfy the prothonotary's

- 12 -

obligation to note on the docket the date Rule 236 notice was given. Furthermore, a local practice, such as the case here, does not define for this Court with clarity and certainty that Rule 236 notice was, indeed, given. A prothonotary should make a notation that specifically states, for example, "Rule 236 notice provided on" followed by the date the notice was given, in order to comply with the notification mandate and procedural requirement of Rule 236. Anything short of such a notation constitutes a failure by the prothonotary to comply with the notification mandate and procedural requirement of Rule 236, and is a breakdown in court operations.

In applying the principals of the bright-line rule announced in Frazier, supra, to the case sub judice, the 10-day period in which to file a post-trial motion without leave of court did not begin to run upon entry of the non-jury verdict on the trial court's docket on July 15, 2019, since the prothonotary did not note on the docket that Rule 236 notice of the trial court's non-jury verdict was provided to the parties. Appellant's challenge to the order denying his request for nunc pro tunc relief requires this Court to evaluate the nature of counsel's conduct both during and after the 10-day filing period for a post-trial motion. To conduct this inquiry properly, we need to know, with certainty and confidence, when that 10-day filing period commenced. The absence of a contemporaneous Rule 236 notation on the docket hampers our ability to conduct appellate review. Given the prospect that appellate claims are subject to waiver in the event timely post-trial motions are not filed (and excusable

circumstances are not present), strict application of Rule 236's notice requirement is an essential procedural requirement we cannot overlook.

Because the 10-day filing period for a post-trial motion was never triggered due to the prothonotary's failure to notate the docket consistent with Rule 236, Appellant's motion for leave to file a post-trial motion nunc pro tunc was a legal nullity, as was the trial court's order denying Appellant's request. Consequently, we vacate the trial court's September 19, 2019 order denying Appellant's motion for leave to file a post-trial motion nunc pro tunc. We also vacate the May 18, 2020 entry of judgment on the trial court's non-jury verdict. We remand this case and direct the prothonotary to provide notice of the trial court's July 15, 2019 non-jury verdict to Appellant and Michuck in accordance with the Pennsylvania Rules of Civil Procedure and enter a notation on the trial court's docket that Rule 236 notice was provided as of the date on which the same was completed. Thereupon, should Appellant still wish to file a post-trial motion, Appellant shall do so within ten days of the date on which Rule 236 notice is noted on the trial court docket.[8]

Order vacated. Entry of judgment vacated. Case remanded with instructions. Jurisdiction relinquished.

_____

[8] Both parties are reminded that if either party seeks to file a notice of appeal, the party must first file a praecipe to enter judgment on the trial court's non-jury verdict. The notice of appeal must be filed within 30 days of the entry of judgment on the trial court docket and upon a notation on the docket that Rule 236 notice of the same was provided.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/2020