J-S21017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ASHLEY N. SUPER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS PRUDEN | : | |
| | : | |
| Appellant | : | No. 2256 EDA 2020 |

Appeal from the Order Entered October 7, 2020
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2020-61637

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    Filed: November 5, 2021

Appellant, Nicholas Pruden, appeals *pro se* from the order of court filed on October 7, 2020, in which the trial court entered a two-year permanent Protection from Abuse ("PFA")[1] order against him.   We remand with instructions.

Appellee, Ashley N. Super, filed a complaint seeking a temporary PFA order on September 28, 2020, after which the trial court entered a temporary PFA order in her favor and against Appellant.   The trial court scheduled a hearing in the matter on October 7, 2020.   After testimony from both parties, the trial court granted Ms. Super a two-year permanent PFA against Appellant.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See generally*** 23 Pa.C.S.A. § 6108.

Appellant timely filed a notice of appeal to this Court on November 4, 2020. The trial court entered an order directing Appellant to file of record, and serve on the trial judge, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days from the date of the order. The order stated, in relevant part:

> Any issue not properly included in the timely filed [s]tatement of [e]rrors complained of on [a]ppeal and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived.

Trial Court Order, 11/12/20. Although the order was dated November 10, 2020, the trial court docket indicates the order was mailed to Appellant on November 12, 2020[2] pursuant to Pa.R.C.P. 236.[3] *See* Trial Court Docket Entry 9, 11/12/20. Pursuant to the terms of the order, and the effective date of November 12, 2020, Appellant needed to file his concise statement on or before December 3, 2020. Appellant failed to do so.

Instead, Appellant responded to the trial court's order by letter dated December 18, 2020 ("Appellant's Letter of December 18, 2020").[4] Appellant's

_____

[2] Regardless of the date penned within the order, the date of entry is the date on which the docket reflects that copies were sent to the parties – November 12, 2020. *See* Pa.R.A.P. 108(b).

[3] Rule 236 requires the prothonotary to (1) give written notice of the entry of an order or judgment to each party or his or her attorney including a copy of that order or judgment; and (2) include a notation on the docket indicating when such notice was mailed. Pa.R.C.P. 236(a)(2) and (b).

[4] It is unclear whether the trial court included this letter within the docket. The letter is dated December 18, 2020, and the Prothonotary's stamp includes
*(Footnote Continued Next Page)*

- 2 -

J-S21017-21

Letter of December 18, 2020 acknowledged his obligation to file a concise statement pursuant to the trial court's Rule 1925(b) order. Notwithstanding, Appellant explained his untimely submission as follows:

> Please note that said [o]rder [bore a postmark date of] December 1, 2020 (please see copy of the stamped, barcoded envelope attached hereto[)].
>
> *     *     *
>
> Your Honor, I mean no disrespect with regard to your ruling, but based on the facts above, I respectfully request that an appellate court review all evidence, with the transcript of the hearing (which is also attached hereto), [and] hold oral argument if [they] deem it necessary.

Appellant's Letter, 12/18/20. Appellant's Letter of December 18, 2020 enclosed a photocopy of the envelope postmarked on December 1, 2020. *Id.* Additionally, Appellant included a statement of the issues that he intended to raise on appeal.[5] *Id.*

---

a "received" date of December 21, 2020. However, the Bucks County barcode, placed directly atop and somewhat obstructing the Prothonotary's stamp, reveals a date of January 22, 2021. There is no docket entry for December 18 or December 21, 2020; instead, the docket reflects that a "letter came to hand" on January 22, 2021. *See generally* Trial Court Docket and Trial Court Docket Entry 13, 1/22/21 (extraneous capitalization omitted). Nonetheless, it is contained within the certified record and thus may be considered as part of our review. *See Roth Cash Register Co. Inc. v. Micro Systems, Inc.*, 868 A.2d 1222, 1223 (Pa. Super. 2005).

[5] Specifically, Appellant enumerated the following issues:

> 1. Perjury – Many discrepancies between the original statement and testimony;

*(Footnote Continued Next Page)*

- 3 -

Appellant's Letter of December 18, 2020 included Appellant's (1) purported justification for untimeliness, (2) request to continue his appeal, and (3) list of issues to be addressed on appeal. Rather than addressing Appellant's letter, however, the trial court entered an order[6] whereupon the

---

2. Perjury – Contradictions throughout plaintiff's testimony;

3. Omitted evidence – there was a second page of P-2 that wasn't admitted into evidence;

4. Conspiracy – evidence was submitted that the PFA filed was filed in an attempt to coerce defendant to drop any pending charges against his assailants that jumped him and broadcasted it to over one thousand viewers on Facebook, with the plaintiff being one of those to share said video. (With regard to this, defendant would like to request a subpoena be issued to the Bristol Borough Police Department to show the exact time that I submitted my assault report to the police and then to show the time that the plaintiff submitted her report. It is irrefutable that this was done in retaliation for me filing a police report against the two males that conspired to and did assault me. (*See* Docket Nos. MJ-07102-CR-0000150-2020 and MJ-07102-CR-0000151-2020)

5. Excessive penalty as defendant has never been involved in nor convicted of any type of abuse.

6. There was much confusion during the testimonies regarding exhibits, parties/named individuals involved, pauses, breaks, etc. which made it very difficult to follow along.

Appellant's Letter, 12/18/20.

[6] While Appellant refers to the date penned within the order and listed on the docket - December 29, 2020, *see* Trial Court Docket Entry 12, we refer to the effective date on which the docket states that the order was mailed to the parties – January 5, 2021. Pa.R.A.P. 108(b).

- 4 -

trial court "[d]enied and [d]ismissed" Appellant's appeal for failing to submit a concise statement.[7] Trial Court Order, 1/5/21.

On January 28, 2021, Appellant again wrote a letter to the trial court ("Appellant's Letter of January 28, 2021") providing further explanation and exhibits regarding the timelines and circumstances surrounding his response to the trial court's 1925(b) order.[8] Specifically, he reiterated that the original mailing envelope was postmarked on December 1, 2020 and received on December 3, 2020. Appellant's Letter, 1/28/21. Appellant also asserted that, upon receipt of the order on December 3, 2020, Appellant's mother corresponded with several court personnel, including the Prothonotary's office, via voicemail messages and email correspondence in an attempt "to clarify this situation." *Id.* Appellant stated he hand-delivered his December 18, 2020 concise statement within two envelopes addressed to the Prothonotary

_____

[7] A trial court lacks authority to deny or dismiss an appeal to this Court. *See Goldfarb v. Goldfarb*, 861 A.2d 340, 343 (Pa. Super. 2004) ("quashal of appeals for violation of the appellate rules is not an act within the purview of the trial court, which, once the notice of appeal is filed, loses jurisdiction over the case and may not proceed further save in some exceptional circumstances[.]"); Pa.R.A.P. 1701 (outlining a trial court's limited authority once an appeal is taken). Moreover, the remedy for failure to file a timely 1925(b) statement is waiver of the issues on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii).

[8] While Appellant's Letter of January 28, 2021 is included within the certified record transmitted to this Court, it neither includes a stamp of receipt by the Prothonotary nor a barcode as displayed on Appellant's Letter of December 18, 2020. Additionally, Appellant's Letter of January 28, 2021 is not reflected on the trial court docket.

and trial judge, respectively; however, due to the COVID-19 global pandemic, Bucks County Courthouse restrictions required him to relinquish the documents at the "security station that is located immediately as you enter the doors of the Courthouse." *Id.*

Appellant's Letter of January 28, 2021 stated that he received the court's January 5, 2021 order on January 27, 2021, and that the envelope bore a postmark date of January 22, 2021. *Id.* Appellant also enclosed copies of the postmarked envelopes enclosing the trial court's November 12, 2020 and January 5, 2021 orders, together with copies of his mother's email exchanges with court personnel. *Id.* Throughout his January 28, 2021 letter, Appellant maintained that his failure to timely comply with the trial court's Rule 1925(b) order was unintentional and non-negligent, explaining:

> I would like to provide you with the timeline of events to show that failure to comply with [the trial court order dated December 29, 2020] was out of my control and in no way due to my intentional negligence to obey a [c]ourt [o]rder, being that each [o]rder was mailed by the [c]ourt almost a month after the date of entry.

> *         *         *

> Your Honor, I respectfully request that this appeal be reinstated … as there was never any negligence nor intentional failure to comply on my behalf, as is evidenced by the [e]xhibits attached hereto.

*Id.* The trial court never responded to Appellant's Letter of January 28, 2021, nor filed a 1925(a) opinion with this Court.

Before reaching the merits of Appellant's appeal, we first must consider whether he filed a timely Rule 1925(b) concise statement. Ordinarily, the failure to comply with such an order waives appellate review. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (affirming bright-line rule that, in order to preserve claims for appellate review, an appellant must comply with a trial court's order to file a concise statement and any issues not raised therein will be deemed waived); **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (Superior Court lacks the discretion to ignore non-compliance with Rule 1925(b)). To analyze an appellant's compliance with Rule 1925, we first must evaluate whether the trial court's order strictly complies with the requirements of Rule 1925(b), as it is the contents of this order which trigger an appellant's obligations. **Id.** at 225. Regarding the required contents of a trial court's order, Rule 1925 provides:

> [(b)](2) *Time for filing and service*.
>
> > (i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the [s]tatement….
>
> *   *   *
>
> (3) *Contents of order*. The judge's order directing the filing and service of a [s]tatement shall specify:
>
> > (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the [s]tatement;
>
> > (ii) that the [s]tatement shall be filed of record;

(iii) that the [s]tatement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the [s]tatement in person and the address to which the appellant can mail the [s]tatement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the [s]tatement on the judge; and

(iv) that any issue not properly included in the [s]tatement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(2) and (3). Instantly, the trial court properly ordered Appellant to file a Rule 1925(b) concise statement. Specifically, the trial court directed Appellant, within 21 days from the date of the order, to file of record and serve on the undersigned trial court judge a concise statement. **See** Trial Court Order, 11/12/20. The order also provided, "[a]ny issue not properly included in the timely filed [s]tatement of [e]rrors complained of on [a]ppeal and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." **Id.** Therefore, the trial court's order conforms with the requirements of Rule 1925(b). **Greater Erie Indus. Dev. Corp.**, 88 A.3d at 225.

Pursuant to the trial court's order, Appellant was required to file his concise statement within 21 days of the date of the order. As stated, **supra**, the effective date of the order was November 12, 2020. Consequently, the last date on which Appellant could timely comply with the trial court's order was December 3, 2020. It is undisputed that Appellant did not file a concise statement on or before this date.

Despite strict application of Rule 1925 requirements, a few narrow exceptions to the untimeliness waiver remain. Rule 1925(b) provides:

[(b)](2) *Time for filing and service*.

(i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the [s]tatement. **Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental [s]tatement to be filed.** Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the [s]tatement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. **In extraordinary circumstances, the judge may allow for the filing of a [s]tatement or amended or supplemental [s]tatement *nunc pro tunc*.**

Pa.R.A.P. 1925(b) (emphasis added). The comment to subsection (b)(2) further provides examples of such "good cause" or "extraordinary circumstances" that warrant *nunc pro tunc* relief:

This subparagraph extends the time period for drafting the [s]tatement from 14 days to at least 21 days, with the trial court permitted to enlarge the time period or to allow the filing of an amended or supplemental [s]tatement upon good cause shown. In ***Commonwealth v. Mitchell***, 902 A.2d 430, 444 (Pa. 2006), the Court expressly observed that a [s]tatement filed "after several extensions of time" was timely. An enlargement of time upon timely application might be warranted if, for example, there was a serious delay in the transcription of the notes of testimony or **in the delivery of the order** to appellate counsel. The 2019 amendments to the rule provided the opportunity to obtain an extension of time to file the [s]tatement until 21 days after the transcript is filed pursuant to Pa.R.A.P. 1922(b). The appellant may file a motion for an extension of time, which, if filed in accordance with the rule, will be deemed granted if not expressly denied before the [s]tatement is due.

* * *

In general, *nunc pro tunc* relief is allowed only when there has been a **breakdown in the process** constituting extraordinary circumstances. ***See, e.g.***, ***In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election***, 843 A.2d 1223, 1234 (Pa. 2004)

("We have held that fraud or the wrongful or negligent act of a court official may be a proper reason for holding that a statutory appeal period does not run and that the wrong may be corrected by means of a petition filed *nunc pro tunc*.") Courts have also allowed *nunc pro tunc* relief when "**non-negligent circumstances**, either as they relate to appellant or his counsel" occasion delay. *McKeown v. Bailey*, 731 A.2d 628, 630 (Pa. Super. 1999). However, even when there is a breakdown in the process, the appellant must attempt to remedy it within a "very short duration" of time. *Id.*

Pa.R.A.P. 1925(b)(2), cmt (emphasis added). Therefore, exceptions to the strict dictates of Rule 1925 exist where the appellant demonstrates: (1) a serious delay in the delivery of the order occurred; (2) the untimeliness was the result of non-negligent circumstances; (3) a breakdown in the process occurred; or (4) a fraud has been established. *Accord Carr v. Michuck*, 234 A.3d 797, 802 (Pa. Super. 2020). Similarly, a judicial emergency suspending or altering court operations may constitute extraordinary circumstances warranting *nunc pro tunc* relief. *Id.* at 804.

Instantly, Appellant asserted that he intended his letter of December 18, 2020 to be his concise statement. *See* Appellant's Letter, 1/28/21 ("On December 18, 2020, a 1925[(b)] [c]oncise [s]tatement of [e]rrors [c]omplained of on [a]ppeal w[as] hand delivered to the Courthouse in two envelopes. . . and, due to COVID[-19] restrictions, were timestamped at the security station that is located immediately as you enter the doors of the Courthouse.") Moreover, our review of the record reveals that Appellant's Letter of December 18, 2020 included a list of issues Appellant intended to raise on appeal. Acknowledging the untimely nature of his filing, Appellant

- 10 -

requested continuation of his appeal. Based on the foregoing, we construe Appellant's Letter of December 18, 2020 as Appellant's Rule 1925(b) concise statement and a simultaneous request for *nunc pro tunc* relief. Appellant's Letter of January 28, 2021 offered further factual averments that Appellant's delay was neither intentional nor negligent. While Appellant's concise statement was untimely, his contentions within his letters of December 18, 2020 and January 28, 2021, if supported by evidence deemed credible by the trial court, may demonstrate extraordinary circumstances or a breakdown in the judicial process that warrant relief from waiver for untimeliness.[9]

Upon our review of the record, we conclude that Appellant raised circumstances which, if proven, may warrant *nunc pro tunc* relief. Accordingly, pursuant to Rule 1925(c)(2), we remand this case to the trial court. We direct the trial court to conduct a hearing within 30 days of our remand order to address whether Appellant's untimely 1925(b) statement warrants *nunc pro tunc* relief due to a breakdown in the judicial process or other extraordinary circumstances. If the trial court determines that a breakdown in court operations or other extraordinary circumstances entitles Appellant to *nunc pro tunc* relief, then the trial court shall, within 30 days of

---

[9] Specifically, our review of the record reveals more than one potential source for extraordinary circumstances or a breakdown in the judicial system, including delayed mail delivery and restrictions enacted pursuant to the COVID-19 global pandemic.

the hearing, file a Rule 1925(a) opinion addressing the merits of the issues

Appellant raised in his letter submitted on December 18, 2020.

Case remanded with instructions. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/21