J-A13016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANN MARIE SWATT, PERSONAL REPRESENTATIVE OF THE ESTATE OF MADLYN BLUSIUS | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : : | |
| v. | : : : | |
| | : | No. 1506 MDA 2021 |
| | : | |
| NOTTINGHAM VILLAGE, NOTTINGHAM MANAGEMENT, LLC, NOTTINGHAM VILLAGE RETIREMENT CENTER, LLC, NOTTINGHAM VILLAGE HEALTHCARE SERVICES, INC., LEEDS HEALTHCARE SERVICES, INC., SYNERGY GRANDVIEW PHARMACY, LLC AND FREDERICK KESSLER | : : : : : : : : : : | |

Appeal from the Order Entered October 12, 2021
In the Court of Common Pleas of Northumberland County Civil Division at
No(s): CV-2014-00830

| | | |
|---|---|---|
| ANN MARIE SWATT, PERSONAL REPRESENTATIVE OF THE ESTATE OF MADLYN BLUSIUS | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : : | |
| v. | : : : | |
| | : | No. 1507 MDA 2021 |
| | : | |
| NOTTINGHAM VILLAGE, NOTTINGHAM MANAGEMENT, LLC, NOTTINGHAM VILLAGE RETIREMENT CENTER, LLC, NOTTINGHAM VILLAGE HEALTHCARE SERVICES, INC., AND LEEDS HEALTHCARE SERVICES, INC. | : : : : : : : | |

Appeal from the Order Dated October 12, 2021

J-A13016-23

In the Court of Common Pleas of Northumberland County Civil Division at No(s): CV-2014-00005

BEFORE: BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

CONCURRING MEMORANDUM BY BOWES, J.: FILED: APRIL 26, 2024

I agree with my esteemed colleagues' ultimate dispositions of both appeals, and I fully join the Majority Memorandum insofar as it concludes that the trial court erred in ruling that Administratrix's contract claims were barred by the gist of the action doctrine. *See* Majority Memorandum at 17-21. I write separately because I employ divergent analyses in determining that the *Blusius I* appeal should be quashed and the entry of judgment against Administratrix on her tort claims against Synergy in *Blusius III* should be affirmed.

First, like the Majority, I conclude that the appeal taken in *Blusius I*, the case initiated by writ of summons, must be quashed. *See* Majority Memorandum at 9 n.8. However, my basis for quashal is significantly different. My review of the certified record, particularly the docket entries contained therein, reveals no notation that notice of the entry of judgment was served upon Administratrix or her then-counsel. Indeed, the "Service Information" column of the docket sheet is empty for every entry, and, in

---

[*] Former Justice specially assigned to the Superior Court.

- 2 -

contrast to some other entries, the "Comment" column for the judgment has no reference to the fact or date of service upon anyone.

An order is entered in a case governed by the Pennsylvania Rules of Civil Procedure on "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)."  Pa.R.A.P. 108(b).  Rule 236 imposes the following mandatory duties for a prothonotary in entering judgments:

> (a) The prothonotary shall immediately give written notice of the entry of
> . . . .
>
> (2) any . . . order or judgment to each party's attorney of record or, if unrepresented, to each party.  The notice shall include a copy of the order or judgment.
>
> (b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

Pa.R.Civ.P. 236.

Where a prothonotary fails to comply with the dictates of Rule 236, the judgments at issue are not officially entered.  *See*, *e.g.*, ***Mumma v. Boswell, Tintner, Piccola & Wickersham***, 937 A.2d 459, 464 (Pa.Super. 2007) (holding that the trial court erred in refusing to strike *non pros* judgments that were never properly entered because the docket entries demonstrated "that the prothonotary did not provide [the plaintiff] with written notice of entry of the judgments and failed to note in the docket the giving of such notice").

This "is a bright-line rule, to be interpreted strictly," even if the party "did indeed receive notice[.]" ***In re L.M.***, 923 A.2d 505, 509 (Pa.Super. 2007).

Without a judgment officially entered on the docket, the time for seeking relief from that judgment does not begin to run. ***See*** Pa.R.Civ.P. 237.3(b)(1) ("If the petition is filed within ten days **after the entry of a judgment** of *non pros* on the docket, the court shall open the judgment if the proposed complaint states a meritorious cause of action." (emphasis added)).

Hence, the time period for Administratrix to file her petition for relief from that judgment will not commence unless and until the clerk of courts enters on the ***Blusius I*** docket a notation that service of the *non pros* judgment was made upon Administratrix. ***Accord Carr v. Michuck***, 234 A.3d 797, 806 (Pa.Super. 2020) ("[T]he [ten]-day period in which to file a post-trial motion without leave of court did not begin to run upon entry of the non-jury verdict on the trial court's docket . . . since the prothonotary did not note on the docket that Rule 236 notice of the trial court's non-jury verdict was provided to the parties[.]"). Consequently, I perceive the ***Blusius I*** appeal as premature and properly quashed on that basis.

Turning to the ***Blusius III*** appeal, I fully agree with the learned Majority that the affirmative defense of the statute of limitations was a valid basis for entering judgment in favor of Nottingham on Administratrix's tort claims. Unlike the failure to comply with Rule 236, the opening of a new case for her May 13, 2014 complaint was not a breakdown of the processes of the trial

court or the prothonotary. Rather, it was wholly the fault of Administratrix herself for submitting a complaint with a blank line for the assignment of a docket number rather than placing the **Blusius I** docket number on the document. **See** Majority Memorandum at 14-16. Her unreasonable contention that the prothonotary should have somehow divined that the document was meant to be filed at an existing docket number is rightly spurned by my colleagues.

The **Blusius III** action was commenced against Nottingham and Synergy more than two years after Decedent died. As a result, the survival and wrongful death claims raised therein were time barred, as the Majority aptly holds as to Nottingham. **See** Majority Memorandum at 14-17. The Majority does not address Administratrix's corresponding challenge to the grant of judgment on the pleadings in favor of Synergy based upon the expiration of the statute, but summarily rejects the issue on the basis that Administratrix did not include the earlier trial court order in her notice of appeal from the final judgment. **Id**. at 10 n.10.

Our Supreme Court has held that an appellant does not necessarily waive challenges to prior orders that are rendered final and appealable by the appealed-from order by failing to identify them in the notice of appeal. Specifically, the Court instructed as follows:

> In light of the liberal construction of our appellate rules, we view the appropriate inquiry in such circumstance as similar to that employed by the federal courts, focusing upon whether the orders are related or connected; whether the intention to appeal the

- 5 -

unspecified order is apparent; and the existence of prejudice to the opposing party.

***K.H. v. J.R.***, 826 A.2d 863, 872 (Pa. 2003) (cleaned up) (holding appeal was sufficient to encompass prior, unconnected summary judgment order where the issue was raised in post-trial motions and in the Superior Court docketing statement and the appellee was not prejudiced).

Here, while Administratrix did less than the appellant in ***K.H.*** to put the affected appellee on notice that they would be implicated in the appeal, she did include the issue in her docketing statement, and it does not appear that Synergy, which filed a brief in this appeal, has been prejudiced. Therefore, instead of deeming the propriety of the judgment in favor of Synergy not properly before us, I would affirm it on the basis that, even if the substitution of the proper defendant related back to the filing of the ***Blusius III*** complaint, the tort claims were nonetheless just as untimely as those pled against Nottingham.[1]

It is for the above reasons that I concur in the Majority's rulings (1) quashing the appeal at 1507 MDA 2021, and (2) affirming in part and vacating in part the appealed-from order in 1506 MDA 2021.

---

[1] As the Majority noted, the contract claims against Synergy were dismissed when the trial court sustained in part its preliminary objections. ***See*** Majority Memorandum at 5. Administratrix does not challenge that ruling on appeal.