J-S45032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANDRE JACOBS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DELYAH BROWN, JANE DOE | : | No. 887 MDA 2025 |

Appeal from the Order Dated April 30, 2025
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2025-CV-3376

BEFORE:   STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED: MARCH 20, 2026**

Andre Jacobs appeals *pro se* from the April 30, 2025 order, which denied Jacobs's petition to proceed in *forma pauperis* (IFP) and dismissed, with prejudice due to frivolity, his underlying complaint filed against defendants Delyah Brown and Jane Doe.  After our review, we affirm.  Additionally, we remind the Dauphin County Court of Common Pleas Prothonotary of the continuing obligations to both notify the parties of orders pursuant to law and to enter notations in the docket pursuant to Pennsylvania Rule of Civil Procedure 236(b).[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We observe that the Prothonotary failed to notate in the trial court docket that the required Rule 236 notice to the parties was provided for *any* order in this case.  **See** Pa.R.A.P. 236; **see also Carr v. Michuk**, 234 A.3d 797, 805 (Pa. Super. 2020) (noting order is not appealable until entered on docket with
*(Footnote Continued Next Page)*

In his brief to this Court, Jacobs asserts that no judge reviewed his nine-page complaint and that a prothonotary is without the power to rule that an action is frivolous.[2]  **See** Appellant's Brief, at 3.  Further, Jacobs avers that he

_____

required notation that appropriate notice given under Rule 236 and parties' receipt of notices of order do not alter formal date of order's entry and associated commencement of appeal period).  Nevertheless, we may review this appeal where remand for Rule 236 notice and the appropriate docket notation would only delay our consideration of the claims raised in this appeal; thus, in the interests of justice, we may consider done that which ought to have been done and proceed to our review.  **See Vertical Res., Inc. v. Bramlett**, 837 A.2d 1193, 1199 (Pa. Super. 2003) ("[I]n the interest of judicial economy, we will regard as done what should have been done and consider the [Rule 236] notice as having been mailed.  The appeal is not untimely, and it would be a waste of judicial resources to remand the matter solely for the filing of a [Rule] 236 notice.") (citation omitted).  Although the record deficiency does not prevent our review in this case, we emphasize to the county Prothonotary the importance of providing the appropriate notice and docket notation in all cases.  **See Carr**, 234 A.3d at 805-06 ("A prothonotary should make a notation that specifically states, for example, 'Rule 236 notice provided on' followed by the date the notice was given, in order to comply with the notification mandate and procedural requirement of Rule 236.  Anything short of such a notation constitutes a failure by the prothonotary to comply with the notification mandate and procedural requirement of Rule 236, and is a breakdown in court operations.").

[2] Jacobs argues that the county Prothonotary, alone,

returned the complaint to [him] at least 3 times over a 2[-]month period, without assigning a case number or a judge and, in at least one instance, claim[ed] that [Jacobs] did not check a box on the civil cover sheet that [he] did check.  On April 30, 2025, the Prothonotary deemed the case 'frivolous' and signed the dismissal order under 'Judge.'  On May 5, 2025, [Jacobs] filed a [n]otice of [a]ppeal[.]  Receiving no response, [Jacobs] filed another [n]otice of [a]ppeal on June 7, 2025, this time to the Superior Court, noting the difficulties being experienced in the [trial] court and

*(Footnote Continued Next Page)*

has previously prevailed at trial on a defamation claim, wherein he proceeded *pro se*, and that he "is fairly familiar with the pleading requirements of a defamation claim and believes his complaint satisfies necessary pleading requirements." *Id.* Jacobs concludes that his

> complaint was dismissed without ever being served to the defendant[s]. No explanation is provided in the record for the determination of frivolousness. No opportunity was provided to cure alleged defects. If a case such as this is deemed frivolous, this would open doors for any man or woman to launch public slanderous attacks on any notable person, simply because their romantic advances are rejected.[3] To have ones['] business

> refusal to file the [n]otice. At no time did the [trial] court file an "[o]pinion" or explanation of the determination of frivolousness.

Appellant's Brief, at 2.

[3] In his brief filed in this Court, but critically lacking from his complaint filed in the trial court and certified to this Court for appeal, Jacobs alleges that

> In May[] 2024, defendant Brown, [Jacobs]'s next door neighbor, publicly launched an attack against [Jacobs] on social media[,] accusing [him] of stealing her U.S. mail allegedly containing "jewelry" for her son. [. . . Previously, Jacobs] briefly courted [Brown,] but upon noticing some erratic behaviors[,] decided against allowing the courtship to go any further but remained cordial. [. . . Thereafter, the parties' relationship] deteriorated and, beyond slandering [Jacobs] online, defendant Brown began trolling [Jacobs] and contacting all of his current and former clients[,] making claims against [Jacobs] and, in at least one case, messaging one of [Jacobs's] clients[, accusing Jacobs of engaging in a romantic relationship with] a woman who forwarded the message to [Jacobs] and [with whom Jacobs was never actually romantically involved[. Jacobs] has over 25,000 followers on Facebook alone, and has created videos that have garnered over 20 million views and published 5 books that he promoted and sold via social media daily. Because of this, [Jacobs] was officially categorized by Facebook as a "content creator" and was paid

*(Footnote Continued Next Page)*

destroyed for something so fickle and sanctioned by a court of law is, indeed, a travesty.

***Id.*** at 4. We disagree that Jacobs is entitled to relief.

We have set forth the following standard of review for challenges to a court's dismissal of a civil complaint pursuant to Rule 240:

> Our review of a decision dismissing an action pursuant to [Rule] 240(j) is limited to a determination of whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. Rule 240 provides for a procedure by which a person who is without the financial resources to pay the costs of litigation may proceed IFP. The obligation of the trial court when a party seeks to proceed under Rule 240 is as follows:
>
>> (j) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in *forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.
>
> Pa.R.C.P. 240(j). A frivolous action or proceeding has been defined as one that lacks an arguable basis either in law or in fact. Under Rule 240(j), an action is frivolous if, on its face, it does not set forth a valid cause of action. As we review [the appellant's]

---

monthly by Facebook directly; it was his place of employment. [. . .] Jacobs is a highly influential public figure and social media influencer, and presented a legitimate case for defamation and slander that should not have been dismissed as "frivolous" where he alleged that the defendant maliciously went on Facebook and other social sites accusing Jacobs of federal crimes, among other things, including claims involving a child, all false and in retaliation for Jacobs rejecting her sexual advances.

Appellant's Brief, at 1-2. Nevertheless, we may not consider any of these factual allegations as they are raised for the first time on appeal and are not alleged in Jacobs's complaint. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

complaint for validity under Rule 240, we are mindful that a *pro se* complaint should not be dismissed simply because it is not artfully drafted.

***Ocasio v. Prison Health Servs.***, 979 A.2d 352, 354 (Pa. Super. 2009) (case citations and quotation marks omitted).

After our review of the record in this case, including Jacobs's complaint, we discern no error of law or abuse of discretion. ***See id.*** Indeed, here, despite his claims that his complaint consists of nine well-pleaded pages, Jacobs's complaint is substantively limited to one single page that merely identifies the parties, causes of action, and alleges original jurisdiction is proper in the trial court.[4] ***See*** Complaint, 4/25/25. As Jacobs's complaint fails to connect any facts or law applicable to his claimed causes of action, which deficiency meets the definition of frivolity, the trial court's dismissal is appropriate.[5] ***See Ocasio***, 979 A.2d at 354 ("A frivolous action or proceeding

_____

[4] Jacobs's civil complaint, when viewed charitably as a collective of documents as they appear in the certified record, consists of: (1) a civil complaint cover sheet; (2) a single handwritten page identifying the parties, causes of action, and an attempt at alleging jurisdiction in the trial court; (3) a one-page petition to proceed IFP; (4) a three-page affidavit in connection with the IFP petition; and (5) a one-page proposed order granting the IFP petition. ***See*** Complaint, 4/25/25. Here, Jacobs, as the appellant, has the duty to ensure the certified record, including the entirety of the complaint, is complete on appeal. ***See Kessler v. Broder***, 851 A.2d 944, 950 (Pa. Super. 2004) (explaining that, "[I]t remains the appellant's responsibility to ensure that a complete record is produced for appeal. . . . The failure of the appellant to ensure that the original record certified for appeal contains sufficient information to conduct a proper review may constitute a waiver of the issues sought to be examined.") (citation omitted).

[5] Jacobs alleges, incorrectly, that no trial judge ever reviewed his complaint and that the Prothonotary wrongly acted alone in dismissing his complaint. In
*(Footnote Continued Next Page)*

has been defined as one that lacks an arguable basis either in law or in fact. Under Rule 240(j), an action is frivolous if, on its face, it does not set forth a valid cause of action."); ***see also*** Pa.R.C.P. 240(j) ("If, simultaneous with the commencement of an action [. . .], a party has filed a petition for leave to proceed [IFP], the court prior to acting upon the petition may dismiss the action, [. . .] if [. . . the court] is satisfied that the action[. . .] is frivolous."). We emphasize that *pro se* litigants must comply with the law and they run the risks of their self-representation.  ***See Rich v. Acrivos***, 815 A.2d 1106, 1108 (Pa. Super. 2003) ("While this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, we note that [the] appellant is not entitled to any particular advantage because he lacks legal training.  Further, any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.") (citations, brackets, and quotation marks omitted).  As the trial court correctly dismissed the complaint due to frivolousness, no relief is due.

We order that a copy of this decision is mailed to the attention of the Prothonotary of the Dauphin County Court of Common Pleas, directing attention to the responsibilities set forth in footnote 1 of this decision.

Order affirmed.

_____

fact, the Honorable Jeffrey B. Engle's signature, that of the assigned trial judge in this case, appears: (1) at the end of the April 30th order, dismissing the complaint; and (2) at the end of the court's opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925, requesting that this Court affirm the dismissal order.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/20/2026