J-A08041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ADOPTION OF J.T.M. | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| APPEAL OF: J.T.M., FATHER | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : No. 1157 WDA 2021 |

Appeal from the Decree Entered July 2, 2021
In the Court of Common Pleas of Butler County
Orphans' Court at No(s):  O.A. No. 5 of 2021

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                  **FILED: MAY 24, 2022**

J.T.M. ("Father") appeals from the July 2, 2021, decree involuntarily terminating his parental rights to his daughter, J.T.M. ("Child"), born in May 2007.  In addition, Father's court-appointed counsel, Nicole Thurner, Esquire ("Counsel"), has filed a petition to withdraw and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Based on the following, we deny Counsel's petition and direct Counsel to file either a compliant **Anders** brief or an advocate's brief.

This appeal arises from the petition filed by T.K.B. ("Mother") on January 27, 2021, for the involuntary termination of Father's parental rights pursuant to 23 Pa.C.S. §  2511(a)(1), (2), and (b).  Mother's husband, D.I.B. ("Stepfather"), filed a petition for adoption on the same date.  The orphans' court scheduled the evidentiary hearing for July 1, 2021, and it appointed

Carrie S. O'Connell, Esquire, as counsel for Child pursuant to 23 Pa.C.S. § 2313(a).

On the date of the hearing, Father was incarcerated at State Correctional Institution ("SCI") — Greene, where he was transferred on or about the date that Mother filed the involuntary termination petition.[1] **See** Orphans' Court Opinion, 9/27/21, at ¶ 4; N.T., 7/1/21, at 3. Father did not appear at the evidentiary hearing, and no counsel appeared on his behalf. Mother's counsel, Elizabeth A. Gribik, Esquire, introduced into the record, and the court admitted, proofs of service filed on April 21, 2021, and May 28, 2021. N.T., 7/1/21, at 3-5. The court concluded that Father "was served by mail" with the petition and the notice of hearing on April 21, 2021, and May 6, 2021.[2] Orphans' Court Opinion, 9/27/21, at ¶ 4. The court further found that Father, however, filed no documentation in the orphans' court to indicate that he

_____

[1] The court took judicial notice of Father's criminal record. **See** N.T., 7/1/21, at 11. Mother testified that Father is incarcerated for a parole violation involving burglary and crimes involving possession and intent to deliver illegal drugs. **Id.**

[2] Attorney Gribik served Father on two separate occasions with the involuntary termination petition, the adoption petition, and a petition requesting *in forma pauperis* status and court-appointed counsel, *inter alia*. She attached to the proofs of service **notifications of delivery** made by the United States Postal Service ("USPS") on April 21, 2021, and May 6, 2021. The record does not reveal whether Attorney Gribik served Father by registered or certified mail. **See** Pa.O.C.R. 15.4(a) (providing, in part, "Notice to every person to be notified shall be by personal service, service at his or her residence or an adult member of the household, or by registered or certified mail to his or her last known address.").

- 2 -

contested Mother's petition, such as requesting court-appointed counsel or appearing at the hearing. *See id.* at ¶ 5.

During the hearing, Mother testified on her own behalf, and she presented the testimony of Stepfather. Additionally, Child, who was 14 years old at the time, testified in open court that she preferred for Father's parental rights be terminated so that Stepfather can adopt her.

Mother and Father have three natural daughters, and Child is the oldest. *See* N.T., 7/1/21, at 7. Mother previously filed petitions for the involuntary termination of Father's parental rights to his two other natural daughters, which the court granted on December 10, 2020. *See id.* at 7, 38-39. At that time, Child did not consent to Stepfather adopting her, so Mother did not file a petition regarding Father's parental rights to Child.[3] *See id.* at 7-8.

At the conclusion of the proceeding, the orphans' court terminated Father's parental rights on the record in open court pursuant to 23 Pa.C.S. § 2511(a)(1), (2), and (b). *See* N.T., 7/1/21, at 37-38. By decree dated July 1, 2021, the court involuntarily terminated Father's parental rights to Child. An affidavit of service related to the decree was filed on the court's docket on July 2, 2021, and a proof of service was filed on July 12, 2021.

---

[3] The record reveals that Stepfather filed petitions to adopt Child's sisters, but an adoption hearing had not yet occurred. At the conclusion of the subject proceeding, the court terminated Father's parental rights to Child, and directed that the adoption hearing, when scheduled, include Child and her two sisters. *See* N.T., 7/1/21, at 39-40.

Father, acting *pro se*, timely filed a notice of appeal on August 6, 2021.[4]

However, along with his notice of appeal, Father failed to file a concise

statement of errors complained of on appeal pursuant to Pa.R.A.P.

1925(a)(2)(i) and (b). **See In Re K.T.E.L**, 983 A.2d 745, 747 (Pa. Super.

2009) (holding that the failure to file a concise statement of errors complained

of on appeal with the notice of appeal will result in a defective notice of appeal,

to be disposed of on a case-by-case basis).

Pursuant to Father's request, by order dated September 28, 2021, the

orphans' court appointed Counsel for Father. In the same order, the court

directed Counsel to file a concise statement within 30 days. **See** Order,

---

[4] We treat Father's appeal as being timely filed because the decree was not entered on the orphans' court docket with the required notation that notice had been given to Father. **See** Pa.O.C.R. 4.6; Pa.R.A.P. 903(a). This constituted a breakdown in court operations, which resulted in the 30-day appeal period not being triggered. **See Frazier v. City of Philadelphia**, 735 A.2d 113, 115 (Pa. 1999); **see also Carr v. Michuck**, 234 A.3d 797 (Pa. Super. 2020).

Specifically, on July 2, 2021, the orphans' court clerk recorded on the docket, "ADOPT – AFFD OF SERVICE (INVOL) TERM ORDER, FINDINGS, CONCLUSIONS & NOTICE OF RCP 236 COMPLIANCE." On July 12, 2021, the clerk recorded on the docket, "PROOF OF SERVICE FILED." However, neither docket entry includes the date that the clerk provided written notice to Father. **See Carr**, 234 A.3d at 805-806; **see also** Pa.O.C.R. 4.6. Indeed, attached to the proof of service included in the certified record is a USPS tracking slip indicating that Father was served with the decree and notice of right to appeal, *inter alia*, on July 8, 2021. As such, we will "regard as done which ought to have been done" and deem this *pro se* appeal as timely filed, *i.e.*, treat this appeal as if the clerk inscribed the notation required by Rule 4.6. **See Commonwealth v. Carter**, 122 A.3d 388, 391 (Pa. Super. 2015).

- 4 -

9/28/21, at ¶ 3.  Counsel failed to comply.  ***See J.P. v. S.P.***, 991 A.2d 904,

908 (Pa. Super. 2010) (appellant waived all issues by failing to timely comply

with the trial court's direct order to file a concise statement).

By order issued on November 12, 2021, this Court remanded the case

to the orphans' court to determine whether Counsel had abandoned Father

and, if necessary, appoint new counsel, and to file, on or before November

22, 2021, written findings with the Prothonotary's Office of this Court.  ***See***

Order, 11/12/21.  In addition, we directed that, if the court finds Counsel has

not abandoned Father, then it shall include, "in its notice of findings, the date

certain that counsel will file [Father's] concise statement of errors complained

of on appeal."  ***Id.***

The orphans' court complied with the November 12th order.  Following

a status conference with Counsel and Attorneys O'Connell and Gribik, the court

found that Counsel did not abandon Father.  Further, the court determined

that, on November 19, 2021, Counsel filed a statement of intent to withdraw

in lieu of filing a concise statement pursuant to Pa.R.A.P. 1925(c)(4).[5]  ***See***

---

[5] Pa.R.A.P. 1925(c)(4) provides:

> (c) Remand.
>
> . . .
>
> (4) If counsel intends to seek to withdraw in a criminal case pursuant to *Anders/Santiago* or if counsel intends to seek to withdraw in a post-conviction relief appeal pursuant to *Turner/Finley*, counsel shall file of record and serve on the

*(Footnote Continued Next Page)*

*In re J.T.*, 983 A.2d 771, 774 (Pa. Super. 2009) (holding that decision of counsel to follow Pa.R.A.P. 1925(c)(4) procedure in a termination of parental rights case was proper).

Counsel thereafter filed a petition to withdraw and *Anders* brief in this Court,[6] which we address first. *See Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) ("'When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.'") (citation and quotation marks omitted); *see also In re X.J.*, 105 A.3d 1, 3 (Pa. Super. 2014) (extending the *Anders* procedure to appeals from involuntary termination decrees).

To withdraw pursuant to *Anders*, counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [*Anders*] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel

judge a statement of intent to withdraw in lieu of filing a Statement. If the appellate court believes there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court shall remand for the filing and service of a Statement pursuant to Pa.R.A.P. 1925(b), a supplemental opinion pursuant to Pa.R.A.P. 1925(a), or both. Upon remand, the trial court may, but is not required to, replace an appellant's counsel.

Pa.R.A.P. 1925(c)(4).

[6] Counsel revealed that she represented Father in the involuntary termination proceeding concerning his two other daughters, Child's younger sisters, discussed above. *See Anders* Brief at 10 n.1.

or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted).

With respect to the third requirement of *Anders*, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

Additionally, an *Anders* brief must comply with the following substantive requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361 (paragraph breaks inserted).

In this case, Counsel petitioned this Court for leave to withdraw, stating that she made a conscientious examination of the record and determined that the appeal would be frivolous. *See* Application to Withdraw as Counsel, 1/18/20, at ¶ 2. In addition, Counsel attached to the petition a copy of the

letter she sent to Father, wherein she indicated that she enclosed a copy of the petition to withdraw and *Anders* brief. *See id.* at Exhibit A. In the letter, Counsel advised Father that he may retain private counsel or proceed *pro se* and raise any additional points that he deems worthy of this Court's attention.[7] *See id.* Counsel's application complies with *Anders* concerning the technical requirements. However, with respect to the substance of the *Anders* brief, we are constrained to conclude that it is deficient.

Specifically, Counsel includes in the *Anders* brief a summary of the facts and procedural history of this case, but she does not refer to anything in the record that she believes arguably supports the appeal. *See Anders* Brief at 14-17. Moreover, Counsel does not state that there were no such references for her to make. *See id.*

Our Supreme Court has previously explained: "Without one or the other, we are not assured, as *Anders* requires, that counsel fully performed his [or her] duty as [the appellant's] advocate to independently search the record as a trained advocate with an eye to uncovering appealable error, before concluding that [the appellant's] appeal was frivolous." *Santiago*, 978 A.2d at 360. The Court emphasized, "Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and

---

[7] Father did not retain private counsel or raise additional arguments *pro se* to this Court.

counsel's references to anything in the record that arguably supports the appeal." ***Id.***

Here, because Counsel offered no issue for our consideration, her ***Anders*** brief does not comply with ***Santiago***, ***supra***. In failing to refer to anything in the record that Counsel believes arguably supports the appeal, Counsel, in effect, advances arguments in favor of the termination decree — that is, arguments adverse to Father's interests, rather than arguments that she presents for our confirmation that the appeal is wholly frivolous. ***See Santiago***, 978 A.2d at 360 ("'By filing an ***Anders*** brief, a lawyer does not advocate arguments he believes are wholly frivolous; rather, he presents them for the court's confirmation of his belief.'") (citation omitted). As such, we discern that Counsel's brief does not substantially satisfy the ***Anders*** procedure.

We further observe that Counsel advances arguments in the ***Anders*** brief with respect only to 23 Pa.C.S. § 2511(a)(1) and (2). Counsel does not articulate the controlling law pertaining to Section 2511(b). ***See In re T.S.M.***, 71 A.3d 251, 267 (Pa. 2013) (reiterating that, if the orphans' court determines the petitioner satisfied its burden of proof under Section 2511(a), then the court must also determine whether the petitioner satisfied its burden under Section 2511(b), which focuses on the child's needs and welfare).

Accordingly, we deny Counsel's petition for leave to withdraw. Attorney Thurner shall file either (1) another ***Anders*** brief that conforms to the

requirements set forth in ***Santiago***, ***supra***, and discusses 23 Pa.C.S. § 2511(a) and (b); **or** (2) an advocate's brief on Father's behalf. We grant Attorney Thurner 30 days from the date of this decision to file either an ***Anders*** brief or an advocate's brief. If Attorney Thurner files an advocate brief, Mother shall have 30 days thereafter to file a supplemental response brief, should she decide one is warranted.

Petition denied with instructions. Panel jurisdiction retained.