J-S13017-23

2023 PA Super 93

| | | |
|---|---|---|
| O.H. BEL AIR PARTNERS LP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMAL HINTON | : | |
| | : | |
| Appellant | : | No. 147 EDA 2023 |

Appeal from the Judgment Entered February 21, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No. 210801992

BEFORE: NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.*

OPINION BY MURRAY, J.:                                    **FILED MAY 31, 2023**

Jamal Hinton (Appellant) appeals *pro se*[1] from the $3,946.75 judgment entered in favor of his former landlord, O.H. Bel Air Partners LP (Bel Air). After careful review, we vacate the judgment and remand for further proceedings.

In November 2015, Appellant leased a studio apartment (premises) owned by Bel Air. Appellant's lease ran from November 23, 2015, to November 30, 2016. Pertinently, the lease agreement provided:

(i) This lease does not end on the ending date indicated above unless Landlord or Tenant gives written notice to the other not less than Sixty days in advance of ending date.

(k) Renewal length of this lease if not ended by either party as require [*sic*] in paragraph (i) Month-to-month with a 60-day notice[.]

_____

* Former Justice specially assigned to the Superior Court.

[1] Appellant has appeared *pro se* throughout the proceedings.

Lease Agreement, 11/23/15. The lease required Appellant to pay monthly rent of $625, and a $35 late charge if the rent was not paid within five days of the due date (the first day of each month). *Id.* ¶ 3.

On August 26, 2020, Bel Air notified Appellant that his lease would expire on October 31, 2020, and would not be renewed. At the end of the lease, Appellant refused to tender possession and continued to occupy the premises as a holdover tenant.

Bel Air filed a complaint for possession of the premises and the balance of unpaid rent on December 10, 2020. The case proceeded to a hearing in Philadelphia Municipal Court on April 1, 2021. The municipal court entered judgment for Appellant because Bel Air did not have a rental license on the day of the hearing.[2] Bel Air did not appeal.

On July 1, 2021, Bel Air filed a second complaint against Appellant for possession of the premises and unpaid rent. On August 13, 2021, the municipal court awarded Bel Air possession and $1,276.75 in back rent, based upon the lease termination and Appellant's nonpayment of rent. Bel Air gained possession of the premises on September 10, 2021. *See* N.T., 6/27/22, at 18. Appellant timely appealed to the trial court.

---

[2] Bel Air's rental license expired on February 28, 2021, and Bel Air did not renew the license until April 6, 2021. *See* Phila. Code § 9-3901(4)(e) (providing property owner may not recover possession or collect rent "during or for the period of noncompliance" with the licensure requirement).

- 2 -

J-S13017-23

Following a June 27, 2022, bench trial, the trial court awarded Bel Air $3,946.75 for Appellant's nonpayment of rent and termination of the lease.[3] Appellant filed an appeal with Commonwealth Court, which transferred the case to this Court. We quashed the appeal, but permitted Appellant 10 days to file a post-trial motion. *O.H. Bel Air Partners LP v. Hinton*, 2584 EDA 2022 (Pa. Super. Nov. 30, 2022) (order). Appellant thereafter filed a post-trial motion titled as a motion for reconsideration.[4] The trial court denied Appellant's motion, and Appellant timely appealed.[5] Appellant and the trial court have complied with Pa.R.A.P. 1925.

_____

[3] Appellant had vacated the premises.

[4] Appellant alleged the trial court abused its discretion by

> allowing [Bel Air] to keep rental payments for March and April of 2021, wherein [Bel Air] did not have a[] rental license at the time ….

Motion for Reconsideration, 12/7/22, ¶ 7. Appellant's motion complied with this Court's directive to file a post-trial motion. *See, e.g., Bennett v. Rose,* 183 A.3d 498, 503 (Pa. Cmwlth. 2018) (holding that motion for reconsideration is a post-trial motion where a specific allegation of trial court error is made); *Green v. Trustee of Univ. of Pa.*, 265 A.3d 703, 710 (Pa. Super. 2021) (citing *Bennett* and holding that the nature of the requested relief controls the styling of the motion).

[5] On February 14, 2023, this Court directed Appellant to praecipe for judgment. The trial court entered judgment on February 21, 2023, and thus the appeal is properly before us for disposition. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

- 3 -

Appellant presents the following issues for review:

1. Did the [trial c]ourt abuse its discretion by fail[ing] to uphold the Philadelphia Municipal Court Civil Rule 109(4)[6]?

2. Did the [trial c]ourt abuse its discretion by not allocating paid rent of March and April of 2021 [t]o the months of August and September of 2021?

3. Did the [trial c]ourt abuse its discretion by allowing [Bel Air] to falsely claim [A]ppellant's Lease was terminated?

4. Did [Bel Air] make false claims of back rent owed?

5. Did [Bel Air] violate and breach contract law?

Appellant's Brief at vi (footnote added).

At the outset, we recognize:

Our review in a non-jury case is limited to whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. **We must grant the court's findings of fact the same weight and effect as the verdict of a jury and, accordingly, may disturb the non-jury verdict only if the court's findings are unsupported by competent evidence or the court committed legal error that affected the outcome of the trial.** It is not the role of an appellate court to pass on the credibility of witnesses; hence we will not substitute our judgment for that of the factfinder. Thus, the test we apply is not whether we would have reached the same result on the evidence presented, but rather, after due consideration of the evidence which the trial court found credible, whether the trial court could have reasonably reached its conclusion.

---

[6] Appellant cites Municipal Court Civil Rule 109(4) for the proposition that Bel Air cannot collect rent during periods it lacked a valid rental license. As we discuss *infra*, Appellant is referring to Phila. Code § 9-3901(4)(e).

*Leb. County Hous. Auth. v. Landeck*, 967 A.2d 1009, 1012 (Pa. Super.

2009) (citation and quotation marks omitted, emphasis added).

Furthermore,

the factfinder is free to believe all, part, or none of the evidence, and the Superior Court will not disturb the trial court's credibility determinations. Assessments of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determinations or substitute our judgments for those of the factfinder.

*Gutteridge v. J3 Energy Grp., Inc.*, 165 A.3d 908, 916 (Pa. Super. 2017)

(citations and quotation marks omitted).

Appellant's first and second issues are related and dispositive. Appellant

first claims the trial court abused its discretion by not upholding Philadelphia

Municipal Court Civil Rule 109(a)(4). Appellant's Brief at 1. Appellant argues:

[Bel Air] did not have a valid rental license for the months of March and April of 2021. [Bel Air] never filed an appeal from the Order of April 1, 2021, Judgment for [Appellant], [and] therefore they were not permitted to collect rent and other fees for the months of September, October, November, and December of 2020, and January, February, March, and April of 2021, pursuant to Pa.R.A.P. 341, 902 and 903[,] which states failure to file an appeal in a timely manner will result in any issues raised in a claim from those issues [to] be deemed waived[.]

*Id.* Bel Air counters that the trial court found no rent was collected for March

and April 2021. Appellee's Brief at 7.

In his second issue, Appellant argues the trial court improperly allocated

Appellant's rental assistance payments to March and April 2021. Appellant's

Brief at 4. Appellant argues the trial court erred "by allowing [Bel Air] to keep

rent that they were not permitted to collect." *Id.*

Appellant cites "Philadelphia Municipal Civil Rule 109(4)," which states:

> Where the claim is based upon a writing, a copy of the writing or pertinent portions thereof shall be attached. If the writing is not available, it is sufficient to so state, together with the reasons, and to set forth the substance of the writing.

Phil. Cnty. Pa. Rule 109(a)(4). However, Appellant apparently refers to the law stated in Section 9-3901(4)(e) of the Philadelphia Code, which provides:

> **Non-compliance.** Any owner who fails to obtain a rental license as required by § 9-3902, or to comply with § 9-3903 regarding a Certificate of Rental Suitability, or whose rental license has been suspended, **shall be denied the right to recover possession of the premises or to collect rent during or for the period of noncompliance** or during or for the period of license suspension. **In any action for eviction or collection of rent, the owner shall attach a copy of the license**.

Phila. Code § 9-3901(4)(e) (emphasis added).

This Court addressed Section 9-3901(4)(e) and its prohibition on recovering rent or possessing a property in the absence of a valid rental license in *Frempong v. Richardson*, 209 A.3d 1001 (Pa. Super. 2019). We explained:

> … "While the Statutory Construction Act is not expressly applicable to the construction of local ordinances, the principles contained therein are nevertheless useful." *Phila. Eagles Football Club, Inc. v. City of Philadelphia*, 573 Pa. 189, 823 A.2d 108, 127 n.31 (Pa. 2003).
>
> Our state appellate courts have consistently held that when "applying [the] normal rules of statutory construction, [the] presence of disjunctive word 'or' in [a] statute indicates that elements of statute are met when any particular element is satisfied, regardless of whether other elements are also met." *See Wagner v. Wagner*, 887 A.2d 282, 286 (Pa. Super. 2005). *See also Ben. Consumer Disc. Co. v. Vukman*, 621 Pa. 192, 77 A.3d 547, 555 (Pa. 2013).

… [T]he trial court in this case found that "the plain language of [Subsection § 9-3901(4)(e)] denies a non-compliant owner either the right to possession or the right to collect rent." Trial Court Opinion, 11/2/18, at 14. It thus found that awarding possession of the property to Landlords, where unpaid rent was not awarded, was proper. After careful review, we disagree, and conclude that under Section 9-3901(4)(e), Landlords were prohibited from recovering rent as well as possession of the property.

* * *

We acknowledge that the word "or" generally connotes a disjunction. However, we emphasize that the statue is written in the passive voice ("shall be denied") and in reading the entire context of the statute, **we interpret Section 9-3901(4)(e) to mean that a noncompliant owner may not recover possession "or" collect rent, <u>meaning he cannot receive either</u>**. … **Section 9-3901(4)(e) does not allow recovery of rent or possession**….

***Frempong***, 209 A.3d at 1010-11 (emphasis added).

Instantly, Bel Air averred that on June 9, 2021, Appellant was approved for $3,125 in Philadelphia rental assistance,

> and [the rental assistance] was applied to [Appellant's] balance of unpaid rent. After this payment, [Appellant] still carried a balance of $4,806.12 in overdue rent.

Complaint, 9/1/21, ¶ 15. Bel Air did not indicate whether it applied the rental assistance payments to March and April 2021, the period of time Bel Air lacked a valid rental license.

The trial court found Bel Air did not collect rent for March and April 2021. The trial court stated:

> The only witness brought forth during the bench trial in this matter was [Bel Air]'s property manager, Cheryl Campbell [(Ms.

Campbell)]. During cross examination, Appellant asked Ms. Campbell about [Bel Air] receiving rental assistance payments from the Philadelphia Housing Authority on behalf of Appellant on June 9, 2021, in the amount of $3,125. *See* [N.T., 6/27/22,] at pp. 11-12[,] Attached as Exhibit 5. Appellant asserted during his questioning that rent for March and April would be included in these payments[,] which Ms. Campbell denied. Ms. Campbell testified that the payments went to Appellant's outstanding balance due to [Bel Air] from previous months of unpaid rent. *See* [*id.*] at pp. 16-18, 23. **Further, Ms. Campbell testified during direct examination that potential rent claims for March and April of 2021 were not included in [Bel Air's] claim for damages due to [Bel Air's] admission that during those two (2) months they were prohibited from collecting rent from Appellant due to the lapse of their rental license.** *Id.* Appellant did not produce any evidence to contradict this testimony.

… Based on the evidence adduced, this court came to the conclusion that rent was not collected by [Bel Air] from Appellant for the months of March and April of 2021. [Bel Air] did not violate Philadelphia Municipal Court Rule 109(4).

Trial Court Opinion, 10/26/22, at 2-3. Our review discloses otherwise, as the record lacks evidence to support the trial court's findings.

At trial, Ms. Campbell confirmed that Bel Air did not have a rental license from February 28, 2021 to April 6, 2021. N.T., 6/27/22, at 15. Ms. Campbell testified that Bel Air sent Appellant a notice to quit the premises on June 17, 2021, and filed this action on August 13, 2021. *Id.* at 17. Critically, Ms. Campbell testified that Appellant received rental assistance which paid Appellant's rent for March and April 2021, when Bel Air was unlicensed. *Id.* at 22. Ms. Campbell testified that Appellant vacated the premises on September 10, 2021. *Id.* at 18. Ms. Campbell reiterated that Bel Air accepted rental assistance payments for dates through and including May 2021. *Id.* at

- 8 -

19. On cross-examination, Ms. Campbell expressly confirmed that on June 9, 2021, Bel Air received five payments of $625 in rental assistance for Appellant, which were attributed to March, April, May, June, and July of 2021. *Id.* at 22.

Based on Ms. Campbell's testimony, Bel Air allocated Appellant's rental assistance payments to March and April 2021, when Bel Air was not licensed. **See Frempong.** As the record indicates the trial court's findings "are unsupported by competent evidence," we are constrained to vacate the judgment and remand for further proceedings, so the trial court may determine what amount, if any, Appellant owes to Bel Air, consistent with Section 9-3901(4)(e).[7]

Judgment vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2023

---

[7] Given our disposition, we do not address Appellant's remaining issues.

- 9 -