J-A23043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SOUTH MOUNTAIN HUNTING CLUB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON J. FITZWATER | : | |
| | : | |
| Appellant | : | No. 107 MDA 2024 |

Appeal from the Judgment Entered May 17, 2024
In the Court of Common Pleas of Bradford County Civil Division at No(s):
2018 QT 0002

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:          **FILED: MARCH 31, 2025**

Appellant, Brandon J. Fitzwater ("Fitzwater"),[1] appeals from a non-jury decision, subsequently reduced to judgment, that Appellee, South Mountain Hunting Club ("SMHC"), obtained title to land deeded to Fitzwater (the "disputed property") under the doctrine of consentable lines by recognition and acquiescence.  We quash this appeal.

In 2018, SMHC filed an action to quiet title to the disputed property under the doctrine of consentable lines.  On May 5, 2023, the court issued a detailed decision that SMHC had acquired title to the disputed property under the doctrine of consentable lines.

_____

[1] The trial court sometimes refers to "the Fitzwaters" in its findings of fact and conclusions of law.  For ease of reference, we will use the singular "Fitzwater" throughout this memorandum.

The post-trial proceedings in this case are rather extensive. On May 25, 2023, Fitzwater appealed to this Court at 759 MDA 2023 without first filing post-trial motions. On August 21, 2023, this Court quashed Fitzwater's appeal because of Fitzwater's failure to file post-trial motions. We observed, however, that the ten-day period for filing post-trial motions had not begun to run because the trial court prothonotary failed to note on the docket that notice of the decision had been given under Pa.R.Civ.P. 236(a) and (b).[2] Accordingly, we ordered:

> Upon return of the record to the trial court, the trial court prothonotary shall provide notice of the May 5, 2023, non-jury verdict to the parties in accordance with Rule 236 and shall make a notation on the docket of the date on which the Rule 236 notice was given. If [Fitzwater] wishes to file post-trial motions, [he] shall do so within ten days of the date on which Rule 236 notice is noted on the trial court docket.

*South Mountain Hunting Club v. Fitzwater*, 759 MDA 2023 (Pa. Super., Aug. 21, 2023).

On December 20, 2023, the trial court prothonotary sent Rule 236 notice of the decision to the parties. Nine days later, on December 29, 2023,

_____

[2] Rule 236(a) provides, "The prothonotary shall immediately give written notice of the entry of . . . (2) any . . . order . . . to each party's attorney of record." Pa.R.Civ.P. 236(a). Rule 236(b) provides, "The prothonotary shall note in the docket the giving of the notice . . ." Pa.R.Civ.P. 236(b). Failure to make such a notation "constitutes a failure by the prothonotary to comply with the notification mandate and procedural requirement of Rule 236 and is a breakdown in court operations." *Carr v. Michuck*, 234 A.3d 797, 805-06 (Pa. Super. 2020). Where the prothonotary fails to notate the docket consistent with Rule 236, the 10-day filing period for post-trial motions is not triggered. *Id.* at 806.

Fitzwater filed a document entitled "Motion For Reconsideration" which contended that the trial court "committed an error of law when determining that [SMHC] gained title to the land through the [d]octrine of [c]onsentable [l]ines when it had already ruled [SMHC] did not have possession of the disputed land." Motion For Reconsideration, 12/29/23, at ¶ 5. Based on this allegation, Fitzwater requested the court to rescind its May 5, 2023, decision and hold that SMHC does not have title under the doctrine of consentable lines. *Id.*, Prayer for Relief.

On January 19, 2024, 21 days after filing his "motion for reconsideration," Fitzwater filed a notice of appeal from the May 5, 2023, decision in the appeal presently before this Court. *At the time of this appeal, the trial court had not yet decided Fitzwater's "motion for reconsideration".*

Both Fitzwater and the trial court complied with Pa.R.A.P. 1925. The sole issue raised in Fitzwater's Rule 1925 Concise Statement of Matters Complained of On Appeal was, "The Court committed an error of law in failing to consider and determine that possession of the land in question is a necessary element in proving title through the Doctrine of [Consentable] lines." Concise Statement, 2/16/24, at ¶ 1.

On March 14, 2024, the court issued a Rule 1925 opinion in which it stated:

> The Court is satisfied that the Opinion entered with its Verdict [on] May 5, 2023 . . . comprehensively addresses the issues raised by [Fitzwater]. In particular, the Court directs the reviewing Court's attention to Pages 14 through 24 of the Opinion, which specifically

addresses [Fitzwater's] allegation of error. The Court believes that it ruled properly in rendering its Verdict.

Pa.R.A.P. 1925 Opinion, 3/14/24, at 1-2.

The court also observed that Appellant's motion for reconsideration "perhaps may be more properly considered to be a post-trial motion pursuant to [Pa.R.Civ.P.] 227.1." *Id.* at 3. If Appellant's motion was in fact a post-trial motion, the court continued, "[Fitzwater's] appeal may be unripe, as [he] filed his Notice of Appeal before the Court could act on his Motion." *Id.* at 4.

On March 26, 2024, this Court ordered Fitzwater to show cause why the present appeal should not be dismissed. The rule to show cause observed that our August 21, 2023, order directed Fitzwater to file post-trial motions within ten days after Rule 236 notice of the May 5, 2023, decision, but that Fitzwater filed a motion for reconsideration instead of post-trial motions. We stated that "it appears all issues have been waived" because Fitzwater failed to file post-trial motions. Rule To Show Cause, 3/26/24. Fitzwater did not file a response to the rule to show cause. On May 15, 2024, we discharged the rule to show cause but stated that the discharge was not binding upon this Court as a final determination as to the propriety of this appeal.

In addition, on May 15, 2024, this Court entered an order directing Fitzwater to file a praecipe in the trial court to reduce the May 5, 2023, order to judgment. On May 17, 2024, Fitzwater filed a praecipe for entry of judgment on the decision.

Fitzwater raises a single issue in this appeal, the same issue he raised in his motion for reconsideration: "Whether the [c]ourt erred as a matter of law in concluding [SMHC] gained title of the land in question through the [d]octrine of [c]onsentable [l]ines without finding [SMHC] also had possession of the [d]isputed [p]roperty." Fitzwater's Brief at 4.

Before proceeding further, we must first determine whether we have jurisdiction over this appeal. This Court lacks jurisdiction over an unappealable order, and we may raise jurisdictional issues *sua sponte*. *See* ***Kulp v. Hrivnak***, 765 A.2d 796, 798 (Pa. Super. 2000). Subject-matter jurisdiction presents a pure question of law, for which "the standard of review … is *de novo*, and the scope of review is plenary." ***In re Admin. Order No. 1-MD-2003***, 936 A.2d 1, 5 (Pa. 2007).

An "appeal may be taken of right from any final order[.]" Pa.R.A.P. 341(a). A final order is one disposing of all claims and all parties, is expressly defined as a final order by statute, or is declared so by the trial court. *See* Pa.R.A.P. 341(b); ***Ben v. Schwartz***, 729 A.2d 547, 550 (Pa. 1999). The latter two types of final orders clearly do not apply in this case. As for the first type, like a jury verdict, a non-jury decision does not dispose of all claims or all parties. This is because a non-jury decision is subject to post-trial relief, *i.e.*, the trial court's power to affirm, modify or change its decision or grant other appropriate relief. *See* Pa.R.Civ.P. 227.1(a). Therefore, a non-jury decision is not a final, appealable order. Thus, after a party moves for post-

trial relief, the appeal "lies from the entry of judgment." **Billig v. Skvarla**, 853 A.2d 1042, 1048 (Pa. Super. 2004).

In the present case, we first conclude that Fitzwater filed post-trial motions despite erroneously titling his filing as a motion for reconsideration. Fitzwater, however, appealed prematurely to this Court before expiration of the time period for the trial court to decide his post-trial motions and before a determination was issued by the trial court on his motion. Consequently, we must quash this appeal.

To elaborate, Fitzwater actually filed post-trial motions despite titling his motion as a "motion for reconsideration." In **Gemini Equipment Co. v. Pennsy Supply, Inc.**, 595 A.2d 1211 (Pa. Super. 1991), eight days after a decision in a non-jury trial, the plaintiff filed a "motion for reconsideration" of the decision instead of post-trial motions. Following the plaintiff's appeal to this Court, the defendant argued that the plaintiff waived all issues in its appeal by failing to file post-trial motions. We disagreed, reasoning:

> Under [Pa.R.Civ.P.] 227.1(a)(4), a post-trial motion may ask the court to affirm, modify or change its decision. In substance, [the plaintiff's] "Petition for Reconsideration" was intended to perform this function. Had [the plaintiff] properly labeled its petition as a "Motion for Post-Trial Relief," [the defendant] could have no dispute with its validity. We will not construe the rules of procedure so narrowly as to allow a minor procedural error to affect the substantive rights of the litigants.

**Id.** at 1214; **see also Xi v. Westley**, 2024 WL 1552601, *1 n.2 (Pa. Super., Apr. 10, 2024) (non-precedential memorandum) (declining trial court's recommendation to quash appeal where appellant filed motion for

reconsideration within ten days of non-jury decision instead of post-trial motions; citing **Gemini Equipment** for the principle that "this Court has the discretion to treat a motion for reconsideration as a post-trial motion when it is intended to function as such").

**Gemini Equipment** squarely applies to the present case. On August 21, 2023, this Court ordered the trial court prothonotary to provide Rule 236 notice of the court's decision to the parties and to state the date of the notice on the docket. Our order stated that if Fitzwater wished to file post-trial motions, he could do so within ten days after Rule 236 notice was posted on the docket. On December 20, 2023, the trial court prothonotary entered Rule 236 notice of the decision on the docket. Nine days later, on December 29, 2023, Fitzwater filed a "motion for reconsideration" raising the same consentable lines issue that he now raises in this appeal. The motion requested the court to rescind its decision, relief that is available under Pa.R.Civ.P. 227.1(a)(4). Thus, Fitzwater intended his motion to function as a post-trial motion, and we will treat it accordingly.

Since Fitzwater filed a post-trial motion, the trial court had at least 120 days to decide the motion. **See** Pa.R.Civ.P. 227.4(1)(b) (when one or more timely post-trial motions are filed, a party may file a praecipe for entry of judgment if the court "does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion"). During the 120-day period, Fitzwater could neither enter judgment on the non-jury decision

or appeal to this Court. Fitzwater, however, appealed to this Court on January 19, 2024, just 21 days after he filed his post-trial motion and before the trial court issued any determination on his motion. This appeal was premature under Rule 227.4(1)(b).

The question thus becomes whether this Court can exercise jurisdiction over this appeal pursuant to Pa.R.A.P. 905(a)(5), a rule designed to excuse premature appeals in specific limited circumstances. Rule 905(a)(5) provides, "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." The purpose of Rule 905(a)(5) was to cure a persistent problem concerning premature filings of notices of appeal. Several decades ago, Pennsylvania appellate courts repeatedly quashed appeals because the notice of appeal was filed after announcement by the trial court of its determination but before the actual entry on the docket of an appealable order, i.e. judgment. *See*, *e.g.*, *Commonwealth v. Nugent*, 435 A.2d 1298 (Pa. Super. 1981). In response, our Supreme Court promulgated Rule 905(a), which provides that the appellate court will treat a notice of appeal that is prematurely filed ("filed after the announcement of a determination, but before the entry of an appealable order") as *not* being prematurely filed but "as filed after such entry [of an appealable order] and on the day thereof." The purpose of Rule 905(a)(5) is to promote judicial economy

> [without] abrogat[ing] the requirements of finality . . . [The rule] is applied in those situations where an appeal is filed after a trial

court makes a final determination, but before the official act of entering judgment has been performed. **In these circumstances** the Rule acts to perfect a premature appeal.

***Pennsylvania Orthopaedic Soc'y v. Independence Blue Cross***, 885 A.2d 542, 546 (Pa. Super. 2005) (emphasis added); ***see also O.H. Bel Air Partners LP v. Hinton***, 296 A.3d 1173, 1174-75 & n.5 (Pa. Super. 2023) (where appeal was filed following order denying post-trial motions, order constituted "determination" under Rule 905(a)(5), and appellant perfected appeal by entering judgment after appealing). Thus, Rule 905(a)(5) only applies in the narrow circumstance where a notice of appeal is filed after a court issues its determination but before the determination is entered on the docket as a judgment. In this circumstance, once judgment is entered on the docket, the premature appeal notice will be considered filed as of the date judgment was entered on the docket.

This Court has held that an appeal taken after a jury verdict but before disposition of post-trial motions must be quashed as premature. ***See Litt v. Rolling Hill Hospital***, 437 A.2d 1008, 1009 (Pa. Super. 1981) ("an appeal following a jury verdict is premature and must be quashed if taken before the lower court has disposed of post-trial motions"); ***see also Raheem v. University of the Arts***, 872 A.2d 1232, 1236 n.3 (Pa. Super. 2005) (citing ***Litt*** with approval for principle that appeal from jury verdict must be quashed if taken before trial court has decided post-trial motions).

The same result applies when, as in the present case, an appeal is taken following a non-jury decision but before the trial court has disposed of post-trial motions. *See Muir v. Heller*, 2022 WL 1223631 (Pa. Super., Apr. 26, 2022) (unpublished memorandum).[3] *Muir*, like the present case, involved a boundary dispute. Following a non-jury decision in favor of the plaintiffs, the defendants filed post-trial motions. Twenty days later, before expiration of the 120-day decision period under Rule 227.4(1)(b), the defendants appealed to this Court. Following the appeal, the court entered an order denying post-trial relief. The court entered judgment, and the defendants did not file a second appeal from the judgment. In this Court, citing Rule 905(a)(5), the defendants argued that they cured any defect in their appeal by filing a praecipe for entry of judgment after appealing to this Court. A panel of this Court held, over one dissent, that Rule 905(a)(5) did not apply. The panel majority reasoned that the non-jury decision was not a "determination" because "the trial court's work was incomplete . . . The trial court still had jurisdiction to modify, vacate, or reverse its decision; it had not yet ruled on the motion for post-trial relief . . . As such, this case was not over." *Id.* at *2; *see also id.* at *3 (non-jury decision was "an interlocutory order that was subject to post-trial correction"). While the order denying post-trial relief was

---

[3] We may cite unpublished, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019 for their persuasive value. *See* Pa.R.A.P. 126(b).

a "determination," *id.* at \*2, this did not perfect the appeal because the appeal was filed before the determination. For Rule 905(a)(5) to apply, the appeal had to be filed after the order or determination deciding post-trial motions but before the order was entered on the docket as a judgment. The premature appeal could then be accepted as filed on the date of the judgment. *Id.* Thus, the panel majority directed quashal of the appeal.

The dissent stated:

At the outset, on a clean slate, I agree with the Majority's well-written and cogent analysis of this case: since the post-trial motion was outstanding at the time the [defendants] filed their notice of appeal – and the trial court thus had the opportunity to modify, vacate, or reverse its decision – the [defendants] were required to file a separate notice of appeal after the trial court denied their post-trial motion. *See* Majority Memorandum at \*5. Further, since the premature notice of appeal was not filed "after the announcement of a determination," quashal should be required under our rules. *See id.*

However, I believe that the Majority's decision conflicts with this Court's published opinion in ***Commonwealth v. Ratushny***, 17 A.3d 1269 (Pa. Super. 2011). In that criminal case, we held:

Appellant filed a timely post-sentence motion on September 28, 2009, thereby tolling the 30–day appeal period. However, before appellant's post-sentence motion was decided, and perhaps being unaware of the fact that the appeal period was being tolled, he filed a notice of appeal on Monday, October 19, 2009. Appellant's post-sentence motion was subsequently denied without a hearing on October 22, 2009. Under Pa.R.Crim.P. 720(A)(2), no direct appeal may be taken by a defendant while his post-sentence motion is still pending. *See* Comment, Pa.R.Crim.P. 720. However, pursuant to Pa.R.A.P. 905, we will treat appellant's premature notice of appeal as having been filed after entry of the order denying post-sentence motions.

- 11 -

> *Ratushny*, 17 A.3d at 1271 n.4 (some citations omitted).
>
> Although *Ratushny* is a criminal case, it appears to be on all fours with the case at bar.  Therefore, even though I believe *Ratushny* was incorrectly decided (and the Majority's analysis in the case at bar is correct), I believe *Ratushny* is binding on us and that, under *Ratushny*, we have jurisdiction to decide this case.

*Muir*, 2022 WL 1223631, at \*3.

*Muir* held that quashal was necessary because the defendants' appeal fell outside the circumstances in which Rule 905(a)(5) acts to perfect a premature appeal.  The same holds true in the present appeal.  As in *Muir*, Fitzwater lost a non-jury decision; filed a post-trial motion; filed an appeal before the trial court decided the post-trial motion and before the 120-day decision period for post-trial motions expired; and entered judgment via praecipe following his appeal.  The non-jury decision was not a "determination" under Pa.R.A.P. 905(a)(5) because it did not end the case. Fitzwater still had the right to file post-trial motions objecting to the decision. He exercised that right—and once he did, the trial court had jurisdiction to decide his motion for at least the next 120 days.  Pa.R.Civ.P. 227.4(1)(b).  An order deciding post-trial motions would have been a "determination," but Fitzwater appealed during the 120-day period, before the trial court decided his post-trial motion.  Rule 905(a)(5) does not do away with the necessity that the order appealed from must be a final order.  *See* G. Ronald Darlington, Kevin J. McKeon, Daniel R. Schuckers & Kristen W. Brown, Pennsylvania Appellate Practice 2d § 905:3 (2024-2025 Edition).  Rule 905(a)(5) requires

both a "determination" and an "appealable order"; as discussed above, there was no "determination" in this case prior to Fitzwater filing his appeal and thus no finality. The fact that Fitzwater entered judgment following his appeal does not rescue his appeal under Rule 905(a)(5). Without a "determination," there was no right to appeal, rendering the judgment a nullity.[4] Since Fitzwater's appeal fell outside the bounds of Rule 905(a)(5), we lack jurisdiction over this appeal and must quash it as premature.

Furthermore, the dissent in **Muir** does not persuade us to refrain from quashing this appeal. Citing **Ratushny**, the dissent contended that in criminal cases, an appeal may be considered timely under Rule 905(a)(5) when (1) the defendant files timely post-sentence motions, (2) files an appeal during the 120-day post-sentence motion period,[5] and (3) the court enters an order deciding the post-sentence motions following the appeal. The dissent contended that the same principle applies to civil cases, *i.e.*, a premature appeal during the post-trial motion period in a civil case is perfected even when the order deciding the post-trial motions is filed after the appeal notice.

---

[4] Nor did Appellant rescue his appeal by complying with Pa.R.A.P. 1925 following his appeal. Rule 1925 provides that following an appeal, the trial court may order the appellant to file a concise statement of matters complained of on appeal. Pa.R.A.P. 1925(b). Compliance with Rule 1925 does not substitute for the need to file an appeal from a final order reduced to judgment.

[5] **See** Pa.R.Crim.P. 720(B)(3) (court must decide post-sentence motions within 120 days except when defendant seeks extension for decision, in which case court may grant one thirty-day extension for good cause shown).

- 13 -

According to the dissent, since the trial court entered such an order in **Muir**, our Court's decision in **Ratushny** required that we consider the defendants' appeal timely under Rule 905(a)(5). Presently, even assuming that the dissent was correct, **Ratushny** would not save Fitzwater's appeal, because, unlike **Ratushny,** the trial court herein never entered an order deciding post-trial motions following Fitzwater's appeal. For Rule 905(a)(5) to apply, there at least must be a determination by the trial court for a premature appeal to be considered timely.

For these reasons, we quash this appeal.

Appeal quashed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/31/2025