J-A15029-25

2025 PA Super 222

| | | |
|---|---|---|
| DONNA L. EISENHART | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WELLSPAN HEALTH D/B/A | : | No. 1681 MDA 2024 |
| WELLSPAN YORK HOSPITAL | : | |

Appeal from the Order Entered October 17, 2024
In the Court of Common Pleas of York County
Civil Division at No: 2017-SU-002937

BEFORE: BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

OPINION BY STABILE, J.: **FILED: OCTOBER 1, 2025**

Appellant, Donna L. Eisenhart, appeals an order of the Court of Common Pleas of York County (trial court) denying her petition to reinstate her case, which had been dismissed with prejudice due to inactivity. She argues in this appeal that the trial court erred in denying reinstatement because she did not receive timely notice of either the proposed termination, or the order of termination. We find merit in Appellant's contention, as the record does not support the trial court's ruling that the notices were indeed sent to Appellant in accordance with the applicable procedural rules. We therefore vacate the order on review and remand the case for further proceedings.

On October 27, 2017, Appellant commenced a premises liability action by filing a writ of summons. The defendant/Appellee, Wellspan Health, d/b/a/

_____

[*] Former Justice specially assigned to the Superior Court.

Wellspan York Hospital, was timely served with the writ. On December 21, 2017, the trial court ordered the parties to submit a joint case management plan for approval within nine months of the writ's filing date. The parties untimely filed a joint case management plan on May 23, 2019, about 18 months after the writ was filed.

The parties stated in the management plan that the case would be ready for trial by December 30, 2019. However, there was minimal docket activity for nearly two years, at which point Appellant's counsel filed a change of address form on January 10, 2022.

Another two and a half years then elapsed in which there was no docket activity. On June 10, 2024, the Prothonotary of York County filed a notice of proposed termination. Two copies of the notice, correctly addressed to each party's counsel, were entered into the record. A docket entry dated June 10, 2024, reads, "Notice of Proposed Termination of Case." The copies of the notices entered into the record advised the parties' counsel that the action would be terminated with prejudice within 30 days, on or before July 10, 2024, unless a Statement of Intention to Proceed was timely filed.

No such statement was filed within the 30-day period, and on July 15, 2024, the trial court entered an order of termination with prejudice. On that date, the prothonotary made an entry on the docket which reads, "Case Terminated Per Local Rule 230.2." Months later, on October 9, 2024, Appellant filed a "petition to open judgment of non-pros," which the trial court treated as a petition to reinstate her case, under Pa.R.Civ.P. 230.2(d)(1).

- 2 -

Appellant's counsel averred in an affidavit attached to the petition that he did not receive the notice of proposed termination, or the order of termination, either by mail, electronically, or any other means. According to counsel, he did not learn of the case's dismissal until he conducted a routine check of the case docket on October 3, 2024.

Appellant then argued in relevant part that her case should be reinstated because the case docket included no entry showing that a notice of proposed termination, or the order of termination with prejudice, was ever sent in the manner required by the rules of procedure. Appellant therefore contended that termination was improper, as the 30-day period for filing a statement of intention to proceed, and the 60-day period for seeking reinstatement, could not begin to run until the respective notice requirements were satisfied.

The trial court rejected Appellant's claim that the record contained no evidence that the notices were ever sent. The trial court reasoned that the record included copies of those notices, which bore the correct mailing address of Appellant's counsel. According to the trial court, it could be presumed from the docket notations and documents in the record that the prothonotary mailed the notices to Appellant's counsel, and that the notices were delivered to counsel's mailing address. *See* Trial Court Memorandum Order, 10/17/2024, at 4.

On October 21, 2024, Appellant filed a motion for reconsideration, again asserting that reinstatement was mandatory because the filing period for a motion to reinstate could not begin to run for lack of sufficient notice. The trial

- 3 -

court denied the motion on October 23, 2024, without receiving a response from Appellee.

Appellant timely appealed the trial court's order denying reinstatement of her case, and she now ostensibly raises three issues which concern the validity of the notice of proposed termination, and the notice of the termination order:

> 1. Whether the trial court erred in denying [Appellant's] Petition to Reinstate Case and Motion for Reconsideration of same when neither party's counsel had ever received the Notice of Proposed Termination or the termination Order, there was no record on the docket that either of those documents were ever mailed, and under **Trimble v. Rodriguez**, 200 A.3d 566 (Pa. Super. 2018)[(unpublished memorandum)], where there is no docket entry attesting to service, the existence of counsel's address on a termination notice does not support a presumption that the notice was ever mailed.
>
> 2. Whether the trial court erred in denying [Appellant's] Petition to Reinstate Case and Motion for Reconsideration of same when the docket contained no Rule 236 Notice and under **Bank of N.Y. Mellon Tr. Co. v. Limberis**, 301 A.3d 902 (Pa. Super. 2023) [unpublished memorandum], when no Rule 236 notice is given with an order terminating a case for inactivity, the period for filing a motion to reinstate is "never triggered," and reinstatement was thus mandatory under Rule 230.2(d)(2).
>
> 3. Whether the trial court erred in denying [Appellant's] Petition to Reinstate Case and Motion for Reconsideration of same when [Appellee's] counsel agreed that he had never received the Notice of Proposed Termination or the Termination Order, but the [trial] court issued its rulings on both motions without even waiting to receive [Appellee's] responses to those motions.

Appellant's Brief, at 3-4 (issues reordered).[1]

For ease of disposition, Appellant's grounds for relief will be condensed into two dispositive issues. First, we will address the sufficiency of the notice of proposed termination; we will then address the sufficiency of notice as to the order of termination.

Under Pa.R.Civ.P. 230.2(a), courts "shall [annually] initiate proceedings to terminate cases in which there has been no activity of record for two years or more[.]" The parties to such cases must then be sent notice of the proposed termination either by mail or electronic service:

> **(b) Notice of Proposed Termination**.
>
> (1) For each case identified pursuant to subdivision (a), the court **shall serve a notice of proposed termination on counsel of record**, and on the parties if not represented, **30 days prior to the date of the proposed termination**. The notice shall contain the date of the proposed termination and the procedure to avoid termination.
>
> (2) The notice shall be served electronically pursuant to **Rule 205.4(g)(1)**, or pursuant to **Rule 440** on counsel of record and on the parties, if not represented, at the last address of record.

Pa.R.Civ.P. 230.2 (emphasis added).[2]

---

[1] Appellant has cited to **Trimble v. Rodriguez**, No. 1320 EDA (Pa. Super. filed October 16, 2018) (unpublished memorandum). However, unpublished non-precedential decisions filed on or before May 1, 2019, may not be considered as either precedential or persuasive authority. **See** Pa.R.A.P. 126(b).

[2] The York County Local Rules of Civil Procedure require the prothonotary to serve notice of proposed termination "in the manner required by Pa.R.C[iv.]P. No. 230.2(b)(2), except that if the mailed notice is returned, the notice shall
*(Footnote Continued Next Page)*

Under Rule 205.4(g), copies of all legal papers other than original process may be served by "by electronic transmission" if the parties to the action have so agreed, or an email address has been "included on an appearance or prior legal paper filed with the court in the action." Pa.R.Civ.P. 205.4(g)(1)(i)-(ii).

Rule 440, in turn, specifies that the service of all legal papers other than original process may be made by several means, including, in relevant part:

> (i) by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree, or
>
> > *Note:* Such other address as a party may agree might include a mailbox in the prothonotary's office or an e-mail address. For electronic service by means other than facsimile transmission, see Rule 205.4(g).
>
> (ii) by transmitting a copy by facsimile to the party's attorney of record[.]

Pa.R.Civ.P. 440(a)(1). Where such legal papers are served by mail, the service "is complete upon mailing." Pa.R.Civ.P. 440(b).

The procedure to avoid termination is first to file a statement of intention to proceed. **See** Pa.R.Civ.P. 230.2(g) (providing template for the statement). The statement must be filed prior to the date of the proposed termination. **See** Pa.R.Civ.P. 230.2(b)(2). Upon timely filing of the statement, the trial court must schedule a status conference so that appropriate deadlines may

be served by the Prothonotary by advertising one time in the York Legal Record." York R.Civ.P. 230.2(c).

- 6 -

be imposed, ensuring "an efficient disposition of the case." Pa.R.Civ.P. 230.2(h).

If a statement has not been filed prior to the proposed termination date, then the prothonotary must enter an order terminating the case for failure to prosecute. *See* Pa.R.Civ.P. 230.2(c). In conjunction with that action, "[t]he prothonotary shall note in the docket the giving of the notice" concerning the entry of the termination order. Pa.R.Civ.P. 236(b).

Once the notice of termination has been served, the case may be reinstated as long as the following conditions are met:

> (1) If an action has been terminated pursuant to this rule, an aggrieved party may petition the court to reinstate the action.
>
> (2) **If the petition is filed within 60 days after the entry of the order of termination on the docket, the court shall grant the petition and reinstate the action**.
>
> (3) **If the petition is filed more than 60 days after the entry of the order of termination on the docket, the court shall grant the petition and reinstate the action upon a showing that**:
>
>> (i) the petition was timely filed following the entry of the order for termination; and
>>
>> (ii) there is a reasonable explanation or a legitimate excuse for the failure to file both:
>>
>>> (A) the statement of intention to proceed prior to the entry of the order of termination on the docket; and
>>>
>>> (B) the petition to reinstate the action within 60 days after the entry of the order of termination on the docket.

Pa.R.Civ.P. 230.2(d) (emphasis added).

- 7 -

The Pennsylvania Rules of Civil Procedure are to be "liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.Civ.P. 126. Courts may disregard "any error or defect of procedure which does not affect the substantial rights of the parties." *Id*. "Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary." **Green Acres Rehab. and Nursing Ctr. v. Sullivan**, 113 A.3d 1261, 1267 (Pa. Super. 2015).

In the present case, there is insufficient evidence in the record to establish that the notice of proposed termination was duly served by mail on Appellant in accordance with Rule 230.2(b). The trial court relied on two facts to support its presumption that the prothonotary mailed Appellant's counsel the notice: (a) the docket entry on June 10, 2024, that reads, "Notice of Proposed Termination of Case," and (b) a copy in the record of the notice of proposed termination includes the correct mailing address of Appellant's counsel.

However, those two facts do not prove that the prothonotary mailed the notice of the proposed termination to Appellant's counsel on June 10, 2024. The lone docket entry bearing that date includes no reference to service by mail, or to any other means of service permitted by the Pennsylvania Rules of Civil Procedure. No rules were mentioned in the June 10, 2024, docket entry, and the record contains no certificates of service with respect to that notice.

We also find it significant that in several other docket entries for this case, the prothonotary notated the specific method of service, and whether it was carried out in accordance with the governing procedural rules. On December 21, 2017, for example, the docket shows that notice of the order requiring a case management plan was "mailed" and that notice was "Given Re: Pa.R.C.P. 236." A similar docket entry was made on October 18, 2024, when the trial court entered the order on review, denying Appellant's petition to reinstate the case. It is logical to infer, then, that the absence of any reference to a rule in a docket entry for this case on June 10, 2024, must reflect the prothonotary's (incorrect) understanding that compliance with Rule 230.2(b)(2) was not required for the notice of proposed termination.

Again, the docket entry for the notice of termination at most vaguely alluded to *some* kind of notice, but not whether notice was given pursuant to Rule 230.2, or any other rule. Liberally construing the rules of procedure, we must conclude that Rule 230.2 is not satisfied where the prothonotary has failed to indicate anywhere in the record that the notice was sent in a manner required by that rule. The trial court therefore erred in presuming that the notice of proposed termination was sent to Appellant as outlined by Rule 230.2, making termination improper, as the 30-day window for the filing of a statement of intention to proceed did not begin to run. **See** Pa.R.Civ.P. 230.2(c) (authorizing termination where no statement of intention to proceed has been filed within 30 days from the date on which notice of proposed termination has been duly served).

For similar, yet distinct, reasons, we also agree with Appellant that the record does not establish that the prothonotary sent a Rule 236 notice that the order of termination had been entered. Since the notice of the termination order was not properly served, Appellant argues, the 60-window for the filing of Appellant's petition for reinstatement never began to run. **See** Pa.R.Civ.P. 230.2(d)(2) (requiring trial court to reinstate action if party petitions for reinstatement within 60 days of the order of termination).

Under Rule 236(a), the prothonotary "shall immediately give written notice of the entry of (1) a judgment entered by confession" and "(2) any other order or judgment[.]" Rule 236(b) provides that "**[t]he prothonotary shall note in the docket the giving of notice**[.]" Pa.R.Civ.P. 236(b). "Except as provided by subdivision (a)(1) relating to the entry of a judgment by confession, Rule 236 does not prescribe a particular method of giving notice." **Murphy v. Murphy**, 988 A.2d 703, 709 (Pa. Super. 2010) (quoting Pa.R.Civ.P. 236, *Note*).

"[A] prothonotary's failure to comply with Rule 236, governing notice, means that the filing period for a responsive motion 'was never triggered,' and, therefore, a subsequent motion and order denying that motion are legal nullities." **Bank of N.Y. Mellon Tr. Co. v. Limberis**, 1538 EDA 2022 at 5 (Pa. Super. filed June 13, 2023) (unpublished memorandum) (quoting **Carr v. Michuck**, 234 A.3d 797, 806 (Pa. Super. 2020)). "[S]trict application of Rule 236's notice requirement is an essential procedural requirement we cannot overlook." **Carr**, 234 A.3d at 806.

- 10 -

Moreover, Pennsylvania Rule of Appellate Procedure 108(b) provides that, with respect to civil orders, this Court "shall" consider the "date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure [to be] the date on which the clerk **makes the notation in the docket that written notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)**."  Pa.R.A.P. 108(b) (emphasis added).

Here, the prothonotary did not make the required notation in the docket that written notice of the order of termination had been given in the manner required by Rule 236(b).  The order of termination was entered by the trial court on July 15, 2015.  The corresponding docket entry on that date reads, "Case terminated per local rule 230.2."[3]  This docket entry does not at all refer to notice, much less the manner in which the notice of the termination order was served.  **See** Pa.R.Civ.P.236(b); **see also** Pa.R.A.P. 108(b) (allowing time to be calculated starting on the day an order is entered and  prothonotary has made "the notation in the docket" reflecting that notice has been given pursuant to Rule 236(b)).

Despite that glaring omission, the trial court suggests in its 1925(a) opinion that the prothonotary *did* note "the giving of notice of the order by including a dated copy of the order, containing [Appellant's] attorney's name and address, on the docket."  Trial Court 1925(a) Opinion, 12/11/2024, at 3.

---

[3] For present purposes, the York County Local Rule of Civil Procedure 230.2 and Pennsylvania Rule of Civil Procedure 230.2 are materially indistinguishable. **See** York R.Civ.P. 230.2(c).

That is, the trial court seems to suppose that, for purposes of Rule 236, the prothonotary is not required to make a notation in the docket that notice was given as long as the prothonotary's docket entries refer generally to "notice," and the record contains a copy of the notice itself. ***See id***.

The trial court cited no authority for its novel interpretation of Rule 236, likely because none exists. Indeed, this Court clarified in **Carr** that the prothonotary may not leave any room for speculation whether the parties have received Rule 236 notice:

> **Conspicuously absent from the two docket entries . . . is a notation on the docket that Rule 236 notice of the trial court's non-jury verdict was provided to [either party].** Although the notation "(7/15/19 PJM JHD)" on both entries may indicate that notice was provided, local practices, such as this, in which a date and initials are listed, do not satisfy the prothonotary's obligation to note on the docket the date Rule 236 notice was given. Furthermore, a local practice, such as the case here, does not define for this Court with clarity and certainty that Rule 236 notice was, indeed, given. **A prothonotary should make a notation that specifically states, for example, "Rule 236 notice provided on" followed by the date the notice was given, in order to comply with the notification mandate and procedural requirement of Rule 236**. Anything short of such a notation constitutes a failure by the prothonotary to comply with the notification mandate and procedural requirement of Rule 236, and is a breakdown in court operations.

**Carr**, 234 A.3d at 805-06 (emphasis added).

Similarly, in ***Smithson v. Columbia Gas of PA/NiSource***, 265 A.3d 755 (Pa. Super. 2021), this Court considered a situation in which the plaintiff filed a notice of appeal over 30 days after an order of summary judgment was entered for the defendant. The plaintiff argued that he did not receive Rule

236 notice that the summary judgment order had been entered, entitling him to belatedly file his appeal beyond the 30-day filing period after the order's entry.

Summary judgment was granted in that case on March 25, 2020, and "[o]n the docket, immediately following the text of the March 25, 2020 Order, the typewritten text read[]: 'SENT TO [PLAINTIFF'S COUNSEL].'" The plaintiff filed his appeal on August 5, 2020. The trial court later re-issued the order on September 30, 2020, and this time the docket "included a notation on the order stating '9-30-2020 Copies sent pursuant to Pa.R.C.P. 236 [plaintiff's counsel].'" *Id*., at 758 (emphasis in original).

In reviewing the timeliness of the plaintiff's appeal, this Court held that the original docket notation, taken in context, gave "enough information to infer logically that the note references the prothonotary's provision of notice pursuant to Rule 236." *Id*., at 760 (emphasis in original). But regardless, we held that the time for filing the appeal could not begin to run until the prothonotary had expressly noted on the docket "the giving of Rule 236 notice." *Id*.

This Court explained further that, even if the parties received actual notice, it would be "of no moment" since a vague allusion to "notice" was legally insufficient to apprise the reviewing court of whether proper notice was given. *See id*.; *see also Fischer v. UPMC Northwest*, 34 A.3d 115, 122 (Pa. Super. 2011) ("[T]he definitive assignment of responsibility [to the prothonotary] and the requirement of a record of performance of that

- 13 -

responsibility are intended to avoid ambiguity and speculation."). The plaintiff's appeal was ultimately found to be timely, as the prothonotary's original notice did not comport with Rule 236, constituting a "breakdown in court operations" which prevented the appeal period from starting to run. *Smithson*, 264 A.3d at 760.

In line with those authorities, we reject the trial court's rationale and hold here that the prothonotary failed to satisfy the notice requirements of Rule 236(b). On July 15, 2024, the prothonotary made the notation, "Case terminated per local rule 230.2," which does not verify whether Rule 236 notice was provided to the parties. *See id*.[4]

As a result of this lack of notice, Appellant's petition to reinstate the action could not be treated as untimely, as the trial court found. Had the notice requirements of Rule 236(b) been satisfied, Appellant would have had 60 days from the date of the order to petition for the reinstatement of her case, and the trial court would have been bound to reinstate the case upon a timely filing. *See* Pa.R.Civ.P. 230.2(d)(2). The lack of valid service of that notice, however, means that the 60-day period "was never triggered." *See Carr*, 234 A.3d at 806.

Therefore, while the order of termination was entered on July 15, 2024, and Appellant filed her petition more than 60 days later, on October 9, 2024,

---

[4] It bears repeating that other entries in the case docket specify whether a notice of a court order was given pursuant to Rule 236. By omitting such a docket notation on July 15, 2024, the prothonotary impliedly conveyed that notice of the termination order was *not* given pursuant to that rule.

the case had to be reinstated upon Appellant's filing of her petition. ***See***

Pa.R.Civ.P. 230.2(d)(2). The trial court's order denying reinstatement was a

"legal nullity," ***see Carr***, 234 A.3d at 806, and to remedy that error, as well

as the related error discussed above, the order must be vacated.[5, 6]

Order vacated. Case remanded for further proceedings consistent with

this opinion. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/1/2025

_____

[5] Appellant is entitled to relief, but that finding should not be viewed as approval of her counsel's overall performance. This case began in 2017, and progress was minimal for the next seven years. The Pennsylvania Rules of Professional Conduct prohibit dilatory practices and require attorneys to "make reasonable efforts to expedite litigation consistent with the interests of the client." Pa.R.P.C. 3.2. We are confident that, on remand, counsel will make every effort to litigate this matter expeditiously.

[6] To the extent Appellant has raised additional claims, our disposition has made it unnecessary to address them.